## W. W. MARBOURG, et al., v. CHARLES J. SMITH.

1. PRESERVING TESTIMONY; *Practice.* Where certain evidence complained of is not brought to the supreme court, the supreme court cannot tell whether error was committed in receiving it or not.

2. MALICIOUS PROSECUTION; *Settlement of Action; Dismissal not a Bar.* In an action for malicious prosecution where the record of the action claimed to have been prosecuted maliciously reads as follows: "And now come" *the plaintiffs,* "and show to the court that this case is settled, and dismiss said case at the cost of the said plaintiffs," and the court then renders judgment dismissing said action at plaintiffs' cost, *held,* that there is no such settlement or judgment shown as will bar the action for malicious prosecution.

3. ———— *Attorneys — Unauthorized Agreements Void.* And where counsel for defendant in the said action alleged to have been prosecuted maliciously, agreed, without any authority from their client, that the dismissal of said action should be a bar to an action for malicious prosecution, *held,* that such agreement was and is a nullity.

4. ———— *Termination of Action.* Where an action has been dismissed at plaintiff's costs and not commenced again, such dismissal is a sufficient termination of the suit in favor of the defendant as will authorize him to commence an action for malicious prosecution.

5. MOTION FOR NEW TRIAL; *Practice.* Where a party in moving for a new trial does not merely follow the language of the statute and ask for a new trial on the ground of "Error of law occurring at the trial and excepted to by the party making the application," but specifically and very minutely points out the errors of which he complains, and for which he asks a new trial, the motion is amply sufficient, and such practice should be encouraged rather than discouraged.

6. MALICIOUS PROSECUTION; *When Action may be Maintained.* An action for malicious prosecution may be maintained in any case where a malicious prosecution, without probable cause, has in fact been had and terminated, and the defendant in such prosecution has sustained damage over and above his taxable costs in the case.

### *Error from Atchison District Court.*

THIS was an action for malicious prosecution, brought by *Smith* against *Marbourg* and *Lea.* M. and L. as partners, had at a prior time sued Smith for slander, and the record shows the case to have been dismissed. The record or order of dismissal is copied in the opinion, *infra.* For the bringing of that action *Smith* brought this suit against them for malicious prosecution. The case was tried at the November Term 1872, and *Smith* recovered judgment for $75 and costs. To reverse that judgment *Marbourg & Lea* bring the case here on error.

*C. G. Foster*, for plaintiffs in error:

1. The record shows that the former suit was *settled*, and by reason of the settlement was dismissed. The record in the slander suit is, "now come the plaintiffs and show the court that *this case is settled*," etc. This shows in what manner said action was terminated. When the proceedings are ended by a settlement an action for malicious prosecution cannot be maintained. *Boyd v. Cross*, 35 Md., 196; *Wilkinson v. Howell*, 1 Moody & Malkin, 495, (and 22 Eng. C. L., 573.) In this case the court say, "I think the rule involves this principle, that the termination must be such as to furnish *prima facie* evidence that the action was without foundation. The mode of termination does not furnish any evidence that the action was without foundation. The mode of termination does not furnish any evidence that the action was without probable

cause. * * * If this should be allowed the defendant would be deceived by the consent, as ·without that he would certainly have gone on with his action, and might have shown a foundation for it." See also, 7 Cow., 715; 24 How., 549. 48 Barb., 30; 6 Wend., 420. The two cases last cited distinctly affirm this principle. In the last case the court remarks as follows: "It is necessary that the plaintiff should aver and prove that the prosecution which he alleges to have been malicious was not only terminated, *but terminated in his favor*. This is a general rule to which I believe no exception can be found." Such being the law, the court erred in refusing to give instructions 1 and 7, asked for by plaintiffs in error.

2. The court clearly erred in explaining to the jury the record of the former suit of *Marbourg & Lea v. Smith*. He says: "The record shows the same as if there, had been a trial and a verdict in favor of defendant." In other words, the jury would consider that record as strong. and conclusive against M. & L., and in favor of Smith, as *if it showed* a trial and a verdict in favor of Smith. This was error. The plaintiff must show not only that the proceedings were terminated in his favor, but he must further show that there was a *want of probable cause*, and that there was *malice*. *Malone v. Murphy*, 2 Kas., 262; 48 Barb., 30; 7 Cow., 715; 6 Wend., 420. In actions of this kind the record of the former suit, where there is a *verdict* for the defendant, is the principal evidence of want of probable cause; and here the court instructs the jury that that record of a *settlement* shows want of probable cause as fully as if there had been a trial and verdict for defendant.

3. Can this action be maintained for bringing a civil suit, where there is no arrest? Under the common law it could not. See *Tomlinson v. Warren*, 9 Ohio, 103.

*A. S. Everest*, and *Horton & Waggener*, for defendant in error:

1. The petition in the court below contained all the necessary averments to constitute a good cause of action in favor

of Smith and against Marbourg and Lea. It alleges a prosecution of Smith by Marbourg and Lea, and that in said action the court had jurisdiction both of the parties and of the subject-matter of said action; that said action was instituted maliciously and without any probable cause; that said prosecution of said action was terminated in Smith's favor; that Smith sustained damages thereby. It was contended by defendants in the court below, upon the argument of the demurrer, that an action for damages could not be maintained for the prosecution of a *civil action* maliciously and without probable cause, where, as in the case at bar, there had been no arrest, or holding to bail. Whatever might have been the earlier decisions of English or American courts, it is now well settled that such an action is maintainable, and that an arrest or holding to bail are not indispensably necessary in order to maintain such an action. And when we consider that malice, and want of probable cause, are the foundations of the action, it would seem on sound principle, that such actions should reach cases where the injury would be equally great, although the proceeding did not require any arrest or bail: 11 Conn., 581; 42 Vt., 209; 3 Metc., (Ky.,) 192; 1 Wend., 345; 2 Penn. St., 979; 1 Hill. on Torts, 487, § 11.

2. There was no error in permitting the introduction of evidence, after the record of the case of "Marbourg & Lea against Smith" was introduced. Such record showed no voluntary settlement of the cause of action at bar. It only showed a termination of that particular action. It was no proof that Smith had forgiven or satisfied the cause of action at bar. It was only evidence that Marbourg & Lea had settled *their* cause of action in *that suit* against Smith. The record certainly did not as of itself show that the subject-matter of the action at bar was either adjudicated or settled. And if oral evidence was necessary to show these facts, it then became a question for the jury, under all the evidence in the case: 1 Greenl. Ev., §.531; 19 Vt., 144.

This record showed a termination of the action brought by Marbourg & Lea against Smith, and that, too, in Smith's

favor, and that was a sufficient termination to maintain this action, the jury having by their verdict found that such action was maliciously and wrongfully brought: 36 Cal., 462; 6 Blackf., 504; 30 Ind., 467.

3. There was no error in refusing to give instruction No. 1 prayed for by Marbourg & Lea. By that instruction the court was asked to tell the jury that if the former suit was ended by the agreement of the parties thereto, or their attorneys, that the same was settled, then it was a bar to maintaining the action in this case. This instruction was not within the pleadings, as no former adjudication of the subject-matter of the action at bar was set up in the defendant's answer. Their answer only alleges that Marbourg & Lea discontinued the prosecution of their case against Smith, and that the attorneys of record therein for the respective parties agreed upon a settlement and adjustment of said case and the subject-matter thereof. Can it be said that an attorney of record for a client, without being expressly authorized by his client, has any power to settle and compromise the subject-matter of an action, especially one sounding in tort, for personal injuries? 23 Mo., 287; 7 Cranch, 452; 9 Barr, 315. And for reasons already suggested there was no error in refusing instruction No. 7 asked for by M. & L.

4. Instruction No. 5, asked for by Smith, and given by the court below, was proper. It said, that for the purpose of maintaining the action at bar an abandonment and discontinuance of the suit of Marbourg & Lea against Smith was equivalent to a discharge of the accusation of slander therein made; that is, for the purpose of supporting that portion of the petition in the case at bar which alleges a termination of said suit of Marbourg & Lea against Smith, and that, too, in Smith's favor. There was no error therein. 36 N. Y., 11; 6 Hill, 344; 19 Wend., 417; *Chapman v. Woods*, 6 Blackf., 504; 10 E. C. L., 464.

That such record, showing an abandonment and discontinuance on the part of Marbourg & Lea, is, for the purpose of maintaining the action at bar, equivalent to a discharge of

Smith from the accusation of slander, is a principle of law well established. 2 Johns., 203; 9 East, 361; 8 Conn., 101; 12 Conn., 219.

5. The motion for a new trial was properly overruled. It was irregular and informal, specified none of the grounds therefor enumerated in § 309 of the code; and the court was not bound to help out the motion by any favorable construction or supposition: 6 Kas., 17; 36 Conn., 386; 40 Geo., 191; 58 Me., 350; 37 Cal., 381. The reasons for a new trial were not alleged in the motion; therefore, the refusal to grant the same cannot now be assigned as error. 14 Ohio St., 246; 15 Ohio St., 211. The so-called motion for a new trial is more properly in form of a bill of exceptions or petition in error.

6. There is a vast difference between the termination of a *criminal* action and a *civil* action, as a foundation for an action for malicious prosecution. The authorities are somewhat conflicting with regard to the former, some holding, with cases cited by plaintiff in error, that nothing but an actual acquittal of the charge, is sufficient, while others hold that any termination, by a prosecutor of the case, when the proceedings are so far ended as to require the commencement anew, is a sufficient termination. The latter proposition is supported by the weight of authority and reason: 1 Hill. on Torts, 522. But in civil suits, the voluntary discontinuance of the former suit is sufficient: 6 Dowling & Ryland, 12; 4 Campbell, 214.

The opinion of the court was delivered by

VALENTINE, J.: This was an action for malicious prosecution, brought by Charles J. Smith against W. W. Marbourg and James H. Lea. The plaintiff Smith recovered a judgment for $75 and costs, and the defendants now seek a reversal thereof by this petition in error. Marbourg and Lea assign for error, 1st, The admission of the evidence of C. J. Smith; 2d, The refusal of the defendants' instructions numbered 1 and 7; 3d, The giving of a certain instruction; 4th,

The overruling of the defendants' motion for a new trial.

I. The evidence of C. J. Smith complained of, is not in the record, and therefore we cannot tell whether any error was committed in receiving it or not.

II. The instructions refused read as follows:

"1. If the jury find that the said action of the defendants against plaintiff was ended by the agreement of the parties or their attorneys that the same was settled, then plaintiff is in no event entitled to recover, and the jury will find for defendants."

"7. The jury are instructed that the record of this court is conclusive on the parties, and it being thereby shown that the said cause is settled, the plaintiff cannot recover in this action, and the jury will find for defendants."

The instruction given complained of reads as follows:

"The record shows the same as if there had been a trial and a verdict in favor of defendants."

The record above mentioned, and the record mentioned in the seventh instruction refused, and the record which it is claimed tended to prove a settlement of all questions in controversy, and the settlement mentioned in the first instruction refused, reads as follows:

"*W. W. Marbourg and James H. Lea,*          No. 52.
                *vs.*                        *Slander.*
        *C. J. Smith, defendant.*

"And now come W. W. Guthrie, C. G. Foster, and J. J. Ingalls, attorneys for the said plaintiffs Marbourg and Lea, and show to the court that this case is settled, and dismiss said case at the cost of said Marbourg and Lea, the plaintiffs. And thereupon it is considered and adjudged, by the court here, that said case be dismissed at the cost of said Marbourg and Lea, and it is ordered and adjudged that the defendant C. J. Smith have and recover of and from W. W. Marbourg and James H. Lea, partners as Marbourg & Lea, his costs in this behalf expended, and that execution issue therefor; and it is ordered that said C. J. Smith go hence without day."

This record is a part of the record in an action for slander brought by Marbourg and Lea against Smith, which action for slander Smith claims was prosecuted maliciously, and without probable cause, and for which Smith now prosecutes this action for malicious prosecution.

Before proceeding to consider the first and seventh instructions refused, and the instructions given, we must answer an objection of the defendant in error. He claims that the exceptions to the instructions given and refused are not sufficient. As an answer to this objection we would refer to the case of the *K, P. Rly. Co. v. Nichols & Kennedy*, 9 Kas., 235. We think the exceptions are sufficient. Said record does not show an adjudication of a settlement. The court does not find nor render judgment that there was any settlement. And the court could not have done so, even if it had attempted it. There was no such issue before the court raised by the pleadings, or by a motion, or otherwise. The record does not show that either Smith or his attorneys were present, or had any notice that any such record would be made, or that any such proceeding would be had or attempted. The whole thing appears to have been entirely *ex parte*, and at the most is only binding on the party making it. The record does not even show the admission of a settlement on the part of Smith or his attorneys. The record is therefore valid only to show a dismissal of the action, for a plaintiff has a right to dismiss his action; but not to make a settlement without notice, and in the absence of the other party. But suppose it be admitted that the record does show a settlement, does it show a settlement that would bar this action? What were the terms of the settlement? Did not the settlement contemplate that this action would be prosecuted? It is not every settlement of an action that will bar a suit for the malicious prosecution of such action. (*Kinsey v. Wallace*, 36 Cal., 462.)

III. There was some parol evidence introduced tending to show that there was an agreement between the counsel for the respective parties that the dismissal of the action for slander should be a bar to an action for malicious prosecution. But there is not a particle of evidence in the record brought to this court tending to show that Smith ever made any such agreement, or that he ever authorized his counsel to make any such agreement, or that he ever assented thereto, or had

any knowledge thereof, or that he ever in any manner ratified the same. We suppose it will hardly be contended that when counsel are employed to defend in one action they can barter away their client's rights in another. Counsel employed to defend an action have no right to even compromise or settle that action without special authority therefor from their client; much less have they authority to compromise or settle some other action. Such a proceeding does not come within the scope of their employment. (*Davidson v. Rozier*, 23 Mo., 387; *Falker v. Parker*, 7 Cranch, 436, 452; *Dodd v. Dodds*, 9 Penn. St., 315.) Hence said supposed agreement between counsel was a nullity.

IV. In an action for malicious prosecution we suppose that the plaintiff must allege and prove that he has been prosecuted by the defendant; that the prosecution was malicious; that it was instituted without probable cause; *that the prosecution has terminated in his favor;* and that he has sustained damage. But it is not necessary that there should have been a trial upon the merits of the alleged malicious prosecution. If the action has been dismissed, as in this case, that is sufficient, if the action has not been commenced again. (*Fay v. O'Neil*, 36 N. Y., 11; *Berhauns v. Sandford*, 19 Wend., 417; *Lear v. Babcock*, 2 Johns., 203; *Chapman v. Woods*, 6 Blackf., 504; *Hays v. Blizzard*, 30 Ind., 457.) The reasons why an action should be terminated in favor of a defendant before the defendant can commence an action for malicious prosecution would seem to be as follows: First, if the action is still pending the plaintiff therein may show in that action that he had probable cause for commencing the suit, by obtaining a judgment therein against the defendant, and he should not be called upon to show such fact in a second action until he has had this opportunity of showing it in the first; second, and if the action has terminated against the defendant then there is already an adjudication against him, showing conclusively that the plaintiff had probable cause for commencing the action. When neither of these reasons apply we suppose the action for malicious prosecution may be maintained, if

the other necessary facts can be shown.  If the plaintiff has neither shown nor is attempting to show by an action in which he is plaintiff that he had probable cause for commencing his action, then the defendant may show in an action brought by himself that the plaintiff did not have probable cause.   But suppose the law were otherwise.   Suppose that the party commences an action maliciously, and without probable cause, and then for the purpose of harassing the defendant gives notice that he will take depositions in several remote places in the United States, and thereby puts the defendant to great trouble, inconvenience and expense in attending himself, or employing counsel to attend for the purpose of cross-examining the witnesses, etc.; and then suppose that no such depositions are taken, or were intended to be taken: can the plaintiff relieve himself from liability to an action for malicious prosecution by simply dismissing his action?  Will the defendant have no remedy in such a case?

From what we have said we think it will be obvious that the instructions refused were properly refused, because the evidence in this case did not authorize such instructions to be given.   And while the instruction complained of given may not be technically correct, yet it was sufficiently correct for the purposes of this action, and certainly did not prejudice the substantial rights of the plaintiffs in error.  A dismissal, as well as a verdict and judgment, shows a termination of the suit; and neither a verdict and judgment, nor a dismissal, shows malice, nor a want of probable cause, or damages.

V. The motion for a new trial raises no new question. The defendant in error however claims that the motion is not in form sufficient.   On the contrary we think it is amply and elaborately sufficient.  Instead of merely following the language of the statute, and asking for a new trial on the ground of "error of law occurring at the trial and excepted to by the defendants," which is sufficient, (code, § 386, sub. 8; *DaLee v. Blackburn,* supra, 190,) the defendants specially and very minutely point out the very errors of which they com-

plain, and for which they ask a new trial. This kind of practice should be encouraged rather than discouraged.

VI. We suppose the only question of law arising upon the last assignment of error is, whether an action for malicious prosecution can be maintained in a case like the one at bar, where neither the person nor property were seized, nor bail nor security required, and the ordinary costs of defending the alleged malicious prosecution have already been allowed. Our opinion upon this question has already been foreshadowed. We suppose that an action for malicious prosecution can be maintained in any case where a malicious prosecution, without probable cause, has in fact been had and terminated, and the defendant in such prosecution has sustained damage over and above his taxable costs in the case. (*Whipple v. Fuller*, 11 Conn., 581; *Classon v. Staple*, 42 Vt., 209; *Pangburn v. Ball*, 1 Wend., 345.) At common law the defendant in such a case always had a remedy. Originally it was an action for malicious prosecution. Subsequently it was amercement of the plaintiff *pro falso clamore*. But now and in this state, as amercement is abolished, the defendant must return to his original remedy of malicious prosecution. It is an old maxim that there can be no legal right without a remedy. And the legal right in such a case has always been recognized. Indeed, it would be strange if the defendants in the case we have heretofore supposed while discussing the second and third assignments of error should have no remedy.

The judgment of the court below is affirmed.

All the Justices concurring.