KATE G. WELSH *vs.* HUGH WILSON.

July 24, 1885.

Execution—Breaking into Dwelling used also as Shop.—The fact that one transacts his business in the building that is his dwelling does not divest it of its character as a dwelling, so as to make it lawful for an officer to break the outer door for the purpose of serving civil process against the owner.

Same—Unlawful Levy.—No valid levy can be made by means of breaking into the dwelling of the defendant in the writ.

Same—Action against Sheriff—Mitigation of Damages.—Where the sheriff makes an unlawful levy, and is sued for the trespass, it cannot be taken in mitigation of damages that, pursuant to such levy, he sold the goods, and paid the proceeds to the execution creditor.

Appeal by defendant, sheriff of Waseca county, from a judgment of the district court for that county, where the action was tried by *Buckham,* J., and a jury.

*Lewis & Leslie,* for appellant.

*Collester Bros.,* for respondent.

GILFILLAN, C. J. Plaintiff occupied in Waseca a building one story high, of only one room. In this she, with her daughter, slept; and did upon a kerosene stove what cooking she did, but usually got their meals at a restaurant. In it she also pursued her trade as a milliner, and kept in it for sale, and exposed for sale, a stock of millinery goods. It was fitted up like a store, with shelves, tables for counters, show-cases on the tables, and one in front, on and in which her goods were kept for sale. The defendant, sheriff of the county, having an execution against her property, went, about 10 o'clock in the morning, to the building, the door of which was then locked, put his hand through the window, a pane of which was broken, took the lock off the door, entered, and levied on and removed her goods. The validity of the levy is only in question.

The room must be taken to have been plaintiff's dwelling,—her abode,—not merely when closed to business, but at all times while

she occupied it for her dwelling. The fact that she also used it to transact her business did not change its character in that respect. It being her dwelling, it was unlawful for the sheriff to break the outer door to effect an entrance for the purpose of serving civil process. This proposition has never been doubted, either in England or in this country. It is also well settled in this country—there being no authority to the contrary—that no valid levy can be made by means of such unlawful entry. We may, perhaps, regret that such is the rule; may be able to see that unfortunate consequences will sometimes result from it; but it is too firmly established to be disturbed, except by act of the legislature. The levy being invalid, nothing which the sheriff did pursuant to it was valid. Every subsequent act based on the levy, and depending on it for its lawfulness, was but a continuation and aggravation of the original trespass. It can therefore be of no avail to the sheriff that he sold the goods and paid the proceeds to the execution creditor. In the cases where, as in *Howard* v. *Manderfield*, 31 Minn. 337, such subsequent appropriation has been allowed to operate in mitigation of damages, there has been a subsequent valid levy, not connected with the trespass, which gave validity to the sale and appropriation of the proceeds.

Judgment affirmed.

MITCHELL, J., (*dissenting.*) The doctrine that, if a civil officer open a dwelling-house by forcing the outer door for the purpose of levying upon the owner's goods, the levy is unlawful and *void*, rests wholly upon the authority of *Ilsley* v. *Nichols*, 12 Pick. 269, which other cases have merely followed. Although it may be presumptuous to question such eminent authority, yet I am unable to concur in the doctrine of that case. The object of the legal maxim, that a man's house is his castle, is the protection of the inmates, and not an immunity of goods from attachment on civil process.

The law in England seems always to have been that, although the sheriff cannot break defendant's dwelling by force of a *fieri facias*, but is a trespasser in the breaking, yet the execution which he then doth in the house is good. Y. B. 18 E. 4, f. 4a; Bacon's Abr. "Sheriff," N, 3; *Semayne's Case*, 5 Rep. 91a; *Lee* v. *Gansel*, 1 Cowper, 1.

This seems to me to be on principle, and in its practical operation, the better rule.

Inasmuch as the officer has been enabled to make the levy by means of his unlawful breaking, I do not deny that the levy may be *voidable*, so that the court might, on motion made directly for that purpose, set aside the levy and thus place the parties *in statu quo*. But if the defendant allow the levy to stand, and sue for the trespass upon his dwelling, I do not think he can include in his damages the value of the non-exempt goods levied upon under the process. To allow this would not, in its practical results, place the parties *in statu quo*. If the trespasser is held liable for damages, actual and exemplary, for the breaking, I think this will sufficiently protect the inviolability of dwellings.

Looking at the matter from a practical stand-point, it seems to me that the doctrine of the opinion will often work badly. This seems to be virtually conceded by my brethren. And, the question being one of first impression in this state, I think we are at liberty to adopt the rule I have suggested.