## A. C. WURMSER v. M. A. STONE.

1. LEGAL PROCESS — *Abuse by Officer.* An officer forfeits the protection of the law which the proper execution of legal process affords, and becomes a trespasser *ab initio,* when he is guilty of such an improper and illegal exercise of authority under it as warrants the conclusion that he intended from the first to use his legal authority as a cover for his illegal conduct.

2. REPLEVIN — *Plaintiff, When not Liable for Damages.* A plaintiff in replevin, who does not direct or participate in a malicious abuse of the writ of replevin by the officer in whose hands it is placed for service, is not liable for the damages sustained by reason of the unlawful acts of the officer.

3. TRESPASS — *Abuse of Process — Subsequent Irregularities.* In an action of trespass, in which the alleged trespass consists of an abuse of legal process, subsequent irregularities in the action in which the process is issued, for which the party proceeded against is not responsible, cannot be considered for the purpose of characterizing the previous act.

MEMORANDUM. — Error from Wyandotte district court; HENRY L. ALDEN, judge. Action by M. A. Stone against A. C. Wurmser. Plaintiff had judgment, and defendant brings error. Reversed. The nature of the action and the material facts are stated in the opinion herein, filed July 6, 1895.

*Van Syckel & Littick,* for plaintiff in error.

*True & True,* for defendant in error.

The opinion of the court was delivered by

GARVER, J.: The briefs of counsel have been of little practical aid to the court in this case, and the brief of counsel for plaintiff in error especially has been prepared with such an utter disregard of the rules of this court as to warrant an affirmance of the judgment without an examination of the record for the alleged error. There is general confusion of statement of facts, assignments of error and argument, and an entire failure to set out instructions and evidence objected to. The rules of this court as to briefs were prescribed that questions of fact or law to be considered might be presented in a systematic manner, and to relieve, so far as possible, the court of the tedious labor of searching voluminous records for the purpose of ascertaining the ground of complaint. The rules of the court are plain, and it is hoped that attorneys will appreciate their importance sufficiently to observe them.

This action is peculiar in that it seems to have been tried in the district court by counsel for both parties without much regard to the rules of pleading, or to the principles of law applicable to the issues made by the pleadings. Even in this court, the nearest approach to an agreement of counsel as to the kind of action this is, is to characterize it as a "civil action." While there are allegations in the petition more especially pertinent to an action of trespass to real estate, or of trover, we presume that the action intended is what is known in law as "trespass *de bonis asportatis*." The reply introduces allegations peculiar to an action for malicious prosecution. The *gravamen* of the charge is the wrongful and unlawful taking and carrying away of the personal property of the plain-

tiff.   The code, in abolishing all forms of action, does not do away with the necessity of distinguishing between the different kinds of actions for the purpose of measuring existing rights.   The petition alleges an unlawful and malicious taking and carrying away of household goods of the plaintiff by the servants and agents of the defendant, one of such agents being named as G. B. Anderson.   In his answer, the defendant admits the taking of the goods, and justifies by alleging that said Anderson was a constable, and took the goods under and by virtue of a writ of replevin issued by one I. F. Bradley, a justice of the peace in Wyandotte county, in an action brought by the defendant against the plaintiff for the recovery of the possession of said goods.   The answer also alleges that said action of replevin was afterward tried and went to judgment before said justice of the peace ; that it was therein adjudged that said defendant was entitled to the possession of the property until the value of the special interest which he had therein was paid by the plaintiff; that such interest was there after paid for, pursuant to said judgment, and the goods returned to the plaintiff.   For reply, the plaintiff admits the commencement of the replevin action before I. F. Bradley, justice of the peace, but alleges that the action was commenced wrongfully and maliciously before the justice by falsely alleging that the goods were of the value of only $32.50, when the defendant knew that they were of the value of more than $200, and beyond the jurisdiction of the justice. Also, "that said process, a writ of replevin, was given to said G. B. Anderson, constable, who, instigated by G. W. Littick, (defendant's attorney,) and assisted by agents and servants of the defendant, broke and entered the dwelling-house of the plaintiff, without

first demanding entrance, and removed the goods mentioned in said writ, together with other articles not mentioned therein, but which are embraced in plaintiff's petition.'' The reply also alleges that the plaintiff appeared in and contested said action before the justice of the peace, and that the judgment therein was irregular and void because not in the form required by law. Other allegations not material to be considered at this time were also made.

The action before the justice of the peace was commenced and the writ of replevin served on the 30th day of October, 1890. It was tried and judgment rendered about November 21, 1890. This action was commenced on the 3d of November, 1890, and was tried by a jury in April, 1891, resulting in a judgment in favor of the plaintiff for $325. Both actions were pending at the same time.

The issues thus joined by the pleadings, with reference to the taking complained of, are simply as to the validity of the acts of the constable under the writ of replevin, and the defendant's connection therewith. The only allegation in the reply important to be considered in determining this question is that which charges upon the constable and others unlawful acts in the execution of the writ, such as the breaking into the dwelling-house of the plaintiff, and the taking and destruction of property not included in the writ, whether there was an abuse of the process in the hands of the constable, and such connection of Wurmser therewith, as to make them trespass *ab initio*.

It is well to observe the difference between a malicious use and a malicious abuse of process. The former exists when legal process, civil or criminal, is used out of malice and without just cause, but only

its regular execution is contemplated.    There is a malicious abuse of process where a party, under process legally and properly issued, employs it wrongfully and unlawfully, and not for the purpose it is intended by law to effect.  (*Wood v. Graves*, 144 Mass. 366.)    The malicious use of process, either civil or criminal, is reached by an action for malicious prosecution ;  but such action cannot be commenced until after the maliciously-prosecuted action has terminated in favor of the defendant therein.  (*Plummer v. Dennett*, 6 Greenl. 421 ;  *Hayden v. Shed*, 11 Mass. 500 ; *Marbourg v. Smith*, 11 Kas. 554 ;  *Schippel v. Norton*, 38 id. 567.)    Where an officer acting under process is guilty of such an improper and illegal exercise of authority under it as will warrant the conclusion that he intended from the first to use his legal authority as a cover for his illegal conduct, he becomes a trespasser *ab initio*, and is liable the same as if he had acted without process.  (*Barrett v. White*, 3 N. H. 210 ;  *Breck v. Blanchard*, 20 id. 323 ;  *Grafton v. Carmichael*, 48 Wis. 660 ;  *Ross v. Philbrick*, 39 Me. 29 ;  *Stoughton v. Mott*, 25 Vt. 668.)    If goods are taken by an unlawful breaking into a dwelling-house, legal process is no justification.  (*Ilsley v. Nichols*, 12 Pick. 270 ;  *Welsh v. Wilson*, 34 Minn. 92 ;  *The People v. Hubbard*, 24 Wend. 369 ;  Freem. Ex., § 256 ;  *The State v. Beckner*, 31 N. E. Rep. [Ind.] 950.)    The rigor of the common law is changed, in respect to breaking into a dwelling-house, by the statute which authorizes an officer to break open any building for the purpose of seizing the property called for by a writ of replevin, after he has demanded entrance into the building and delivery of the property and the same has been refused.  (Gen. Stat. of 1889, ¶ 4918.)    What constitutes a legal demand for entrance will depend upon the circumstances of each case.

It is not every irregularity in the execution of process that will deprive the officer of its protection. To have that effect it must be an act of such gross delinquency as to clearly point to the wrong intent. (*Taylor v. Jones*, 42 N. H. 25.) If there was no abuse of the process at the time of the taking, subsequent irregularities in the proceedings in the replevin action could not affect the previous taking so as to make it a trespass. (*Gardner v. Campbell*, 15 Johns. 402; *Grafton v. Carmichael*, 48 Wis. 660.) Conceding that the conduct of the constable was such as to make him a trespasser *ab initio*, and therefore liable in a proper action for damages, yet before the plaintiff in that action can be made liable for the same acts, it must appear that he controlled, directed or counseled the unlawful use of the process. There is no legal presumption that one concurs in the unlawful act of another. (*Snydacker v. Broose*, 51 Ill. 357; *Abbott v. Kimball*, 19 Vt. 551; *Welsh v. Cochran*, 63 N. Y. 181; *Hyde v. Cooper*, 26 Vt. 552.) In the case last cited, Redfield, C. J., in rendering the opinion of the court, said :

"When the party does not direct or control the course of the officer, but requires him to proceed at his peril, and the officer makes a mistake of law in judging of his official duty, whereby he becomes a trespasser even by relation, the party is not affected by it, even when he receives money which is the result of such irregularity, although he was aware of the course pursued by the officer. He is not liable, unless he consents to the officer's course, or subsequently adopts it."

There is an entire absence of competent testimony in this case to show that the plaintiff in error authorized or had knowledge of any improper conduct of the officer, if there was any, and, therefore, nothing

upon which to base a verdict against him for damages for any trespass then committed. Before he can be so held, it must appear (1) that there was such an abuse of the process by the constable as to make him a trespasser, and to forfeit all protection which his writ otherwise would give ; and (2) that plaintiff in error either directed or counseled such wrongful conduct, or thereafter consented thereto by accepting the benefits resulting therefrom, with full knowledge of the facts. The instructions which were given by the court, at the special instance of the defendant in error, ignored these principles which lie at the foundation of the liability of the plaintiff in error, and are erroneous.

The merits or demerits of the replevin action cannot be tried in this case, nor relief obtained which was properly obtainable there (*Mullen v. Mullock*, 22 Kas. 598.) Neither can there be a recovery herein for any depreciation in the value of the property taken or damage to it at the time of its return. If the property was damaged by improper handling or storing, the owner, by a proper proceeding, was entitled to recover therefor. Whether the plaintiff in the replevin action was entitled to the possession of all the goods taken should have been, and probably was, determined before the justice in that case. There is no evidence showing that any goods taken were not included in the writ. Some controversy exists as to the identity of a few small articles, but these were also questions to be decided in the other action. In no event is the plaintiff entitled to recover the full value of any property wrongfully taken which the pleadings and evidence show were returned to her. Some of the special instructions authorize such recovery, and in this respect are erroneous. The measure of the re-

covery, if the facts warrant anything, is such amount as will give full compensation for all loss and injury actually sustained by reason· of the trespass, and, if it was grossly oppressive or malicious, an additional sum as exemplary damages.

We think the verdict and judgment in this case are unsupported by the evidence and unauthorized by law. The judgment will be reversed, and the case remanded for further proceedings in accordance with this opinion.

All the Judges concurring.