No. 35,625

Frank Ahring, *Appellant*, v. Fred White, Jr., *Appellee.*

(131 P. 2d 699)

Opinion filed December 12, 1942.

*Ralph H. Noah,* of Beloit, argued the cause for the appellant.

*Theodore M. Metz,* of Lincoln, argued the cause, and *V. E. Danner,* of Ellsworth, was on the briefs for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This was an action to recover damages for the malicious prosecution of a civil suit, and to recover damages for the wrongful taking and conversion of certain crops. From a judgment in favor of defendant plaintiff appeals.

We first look to the original action.

White brought an action in the district court of Lincoln county in which he alleged he acquired title to certain lands in Lincoln county under a sheriff's deed dated January 17, 1940; that Ahring was a tenant on the land under a written lease which expired August 1, 1940; that plaintiff White did not have a copy of the lease; that defendant was notified not to plant crops which could not be harvested before August 1, 1940; that notwithstanding the fact that White was in possession, the defendant Ahring on September 30, 1940, broke the gates, entered the premises and cut the crop and feed belonging to plaintiff. Plaintiff alleged Ahring had no right on the premises, was a trespasser, was threatening to interfere with plaintiff's right of possession, claiming some right to the crops thereon, and unless enjoined would cause irreparable injury for which plaintiff had no adequate remedy at law. On September 30, 1940, the judge of the district court being absent from the county, the judge of the probate court granted a temporary restraining order restraining Ahring, pending the final determination of the action, from going upon the land and from damaging or injuring the crops thereon.

On October 4, 1940, and while the action was pending, the parties entered into the following stipulation:

"It is stipulated and agreed by and between the parties hereto that defendant has cut some of the feed in controversy and the plaintiff has shocked it. It is therefore stipulated that without prejudice in any respect, or without determining the rights therein, the plaintiff shall cut the standing feed which he planted and shock the same in a workmanlike manner; the defendant shall cut the feed that he planted and shock in a workmanlike manner; and neither party is to remove any of said feed from the field until the above-entitled matter is finally determined or other stipulation entered into."

On January 11, 1941, the court sustained a demurrer to plaintiff's petition and White was given ten days in which to file an amended

petition. On the afternoon of January 11, 1941, the plaintiff White, without notice to defendant Ahring or to his counsel, filed a motion to dismiss the action without prejudice and at his own cost, which motion was sustained.

In the present action the plaintiff Ahring alleged he was in possession of the land under a written lease; that in the spring of 1940 he planted about two-thirds of forty acres of the land to sargo cane and "failed to plant the balance of the forty acres because the defendant above named had, without the consent of the plaintiff, gone on the premises and surreptitiously planted approximately one-third (⅓) of said forty acres."

The petition further alleged:

"The plaintiff tended all of said crop and in the fall of 1940 and on or about the 30th day of September, 1940, plaintiff commenced to cut the feed grown upon the land above described in said leases; that notwithstanding his rights so to do the defendant, as an intermeddler, willfully, maliciously, wantonly, negligently and without just cause or excuse, filed a verified petition in the above-entitled court against this plaintiff above named, and filed a verified application for a temporary restraining order, all as more fully appears from a true and correct copy of each pleading, hereto attached, marked exhibits C and D, respectively, and made a part hereof the same as if herein in full set out. That at said time the defendant secured, or by his wrongful, malicious and wanton acts, caused to be secured a temporary restraining order out of the probate court of Lincoln county, state of Kansas, as more fully appears from a true and correct copy of said restraining order hereto attached, marked exhibit E, and made a part hereof the same as if herein in full set out."

It was alleged that defendant's pretended cause of action was without merit and filed merely for the purpose of vexation and delay and to cause plaintiff expense and loss of time. The petition set out the facts as to the dismissal of the original action as above outlined, and alleged:

"That forthwith, and as a part of a scheme to secure an unjust advantage by reason of his maliciously brought action, and on the 10th day of January, 1941, the defendant here secured a large number of trucks and two teams with rack wagons and went upon said above described real estate, described in exhibits A and B, and hauled therefrom large quantities of feed; that of thirty-one shock rows originally upon said land the said defendant here removed or caused to be removed all but seven shock rows and selected and took from said field all of the best feed thereon and left only a portion of said feed on the south side of said field which was thin and not of equal value as forage feed with the feed said defendant wrongfully and maliciously removed from said field. That the defendant was at the time the crop was harvested the owner of said real estate and as such was entitled to one-third of said feed in the shock row, but notwithstanding this fact said defendant

wrongfully and maliciously removed from said premises feed in excess of his one-third of the reasonable value in excess of $125."

It was alleged that "the pretended restraining order was secured without bond and the plaintiff was required to employ counsel, expend time and trouble in litigating said willfully brought action by the defendant."

Plaintiff prayed for actual damages in the sum of $825 and punative damages in the sum of $1,500.

The answer was a general denial and a specific denial of the execution and delivery of lease under which plaintiff claims the right of possession. The reply alleged that plaintiff was in possession under a valid lease; that plaintiff was lawfully in possession at the time defendant purchased the land at partition sale and that defendant was estopped to deny the validity of the lease under which plaintiff was in possession.

The case was tried to a jury. The jury returned a verdict in favor of defendant and against plaintiff for costs. Judgment was entered in accordance with the verdict. Plaintiff appeals.

The court instructed the jury that the court had taken all questions out of the case except the question in reference to whom the feed planted on the forty acres belonged, and that the sole question left for the determination of the jury was to whom the feed belonged and the amount of damages that plaintiff is entitled to, if any, for the wrongful taking and conversion of property.

The chief contention on this appeal is that plaintiff properly pleaded a cause of action "for the malicious use of civil process" and that under the evidence plaintiff had a right to have this matter submitted to the jury.

In this state damages may be recovered for the malicious prosecution of a civil suit. (*Malone v. Murphy*, 2 Kan. 250; *Marbourg v. Smith*, 11 Kan. 554; *Investment Co. v. Burdick*, 67 Kan. 329, 337, 72 Pac. 781.)

An action for malicious prosecution of a civil suit differs from an action for damages for abuse of process. (*McClenny v. Inverarity*, 80 Kan. 569, 103 Pac. 82.) In abuse of process it is said the gist of the tort is not commencing an action or causing process to issue without justification, but misusing or misapplying process, justified in itself, for an end other than that which it was designed to accomplish. (Prosser on Torts, 892.)

*Walker v. Smay,* 108 Kan. 496, 196 Pac. 231, was an action for the malicious prosecution of a civil action. The court stated:

"Before the plaintiff could recover for the malicious prosecution of the action it would be necessary for him to allege and prove the elements necessary to maintain an action for malicious prosecution of a criminal case, and therefore it devolved on him to show that the prosecution was malicious, that it was instituted without probable cause, that it had terminated in his favor, and that he had sustained damages. It is not enough to show malice alone, nor the absence of probable cause alone. Both must concur, and unless both are shown the plaintiff must fail. (*Malone v. Murphy,* 2 Kan. 250.) Malice, it is true, is a question of fact for the jury, but it must be established by evidence. There was no evidence except that produced by the plaintiff, and in it there was no affirmative proof of an improper motive or of malice in bringing the prosecution." (p. 497.)

Guided by these settled rules, did the trial court err in refusing to submit to the jury the question as to the liability of defendant for malicious prosecution of the original action? Under the pleadings there was an issue as to whether the lease under which Ahring claimed was executed and delivered. There was a sharp dispute between the parties as to the ownership of the crops on the forty acres. The stipulation of October 4, 1940, admits that both parties planted crops on the land and it was so alleged in the petition. In the petition in the original action it was alleged that Ahring broke the gates, entered the land and was cutting the crop and feed belonging to White.

We find no evidence in the record that the action brought by White to enjoin Ahring was prompted by malice, or that it was brought without just cause or excuse as charged in the petition in this case. The petition charged that defendant wrongfully took and carried away crops belonging to the plaintiff, and under the testimony that issue was properly submitted to the jury.

We find no error in the record and the judgment must be affirmed. It is so ordered.