PAULINE WELCH, *Appellee*, v. GEORGE W. SHEPHERD, *Appellant*, (GEORGE W. SHEPHERD, HAROLD H. HUCKINS, AMOS ADAMS, E. LEO PRICHARD and SARAH M. SWANEY, *Defendants*.)

No. 37,913

PAULINE WELCH, *Appellant*, v. (GEORGE W. SHEPHERD, *Defendant*) and HAROLD H. HUCKINS, AMOS ADAMS, E. LEO PRICHARD, and SARAH M. SWANEY, *Appellees*.

(219 P. 2d 444)

Opinion filed June 10, 1950.

*Paul J. Donaldson,* of Wichita, argued the cause, and *Fred W. Aley* and *Douglas E. Shay,* both of Wichita, were with him on the briefs for the appellant Shepherd in Case No. 37,885, and for the appellees in case No. 37,913.

*Dale Bruce,* of Wichita, argued the cause, and *Laurence S. Holmes* and *Waldo B. Wetmore,* both of Wichita, were with him on the briefs for the appellant in Case No. 37,913, and for the appellee in Case No. 37,885.

The opinion of the court was delivered by

THIELE, J.: The present appeals arise out of an action which was a sequel to *Welch v. Shepherd,* 165 Kan. 394, 196 P. 2d 235, decided July 10, 1948.

On May 6, 1949, the plaintiff filed her action against the defendants. On June 17, 1949, the defendants filed their motion for additional time to plead and, apparently on the same day, the plaintiff filed her motion for judgment because defendants were in default of

any pleading. On June 18, 1949, the trial court made its order giving the defendants thirty days in which to plead. On September 13, 1949, the trial court made its order denying plaintiff's motion and that defendants should file their demurrers instanter; that was done and on the same day the trial court heard argument on the demurrers and made its order overruling the demurrer of the defendant Shepherd and sustaining the demurrers of the remaining defendants. On September 23, 1949, the defendant Shepherd served his notice of appeal, which bears No. 37,885, and specifies as error the adverse ruling on his demurrer. On October 27, 1949, the plaintiff served her notice of appeal, which bears No. 37,913, from the order overruling her motion for judgment and from the ruling adverse to her on the demurrer of the defendants other than Shepherd.

The two appeals were consolidated for hearing in this court and will be treated together. For clarity the parties will be referred to as they appeared in the trial court.

Before proceeding to the rulings on the demurrers we note the following: The plaintiff specifies as error the denial by the trial court of her motion for judgment on the ground defendants were in default. Assuming such a ruling is appealable, she presents no argument thereon and the specification will be treated as abandoned. In her brief, plaintiff devotes some space to a discussion that under the facts of this case the officers and employees of the city may not be defended in this action by the city attorney and his assistants. Again assuming such a matter is presently appealable, there is no specification of error predicated on any ruling the court may have made and the matter is not properly before us.

A review of the rulings on the demurrers requires examination of the petition. In her petition plaintiff alleged that defendant Swaney was a police matron of the City of Wichita; that defendant Shepherd was chief of police, and that the other defendants were members of the police force, and that Shepherd as chief of police had full supervisory powers and was responsible for the acts of the other defendants as police officers and that all of the defendants were responsible and participated in the acts later mentioned; that on May 6, 1947, at about 3:30 a. m. defendant Adams arrested plaintiff on view and without a warrant on a charge of being drunk and having possession of intoxicating liquor and that she was held in custody until she was conditionally released as the result of the order of this court in the first case noted herein; that she gave bond in accordance with our order and that at no time after her arrest was she brought

before any court on any charges, nor permitted to make bail except as stated and that on July 10, 1948, she was granted an absolute release by reason of our decision of that date. She further alleged that after her arrest the next regular session of the police court in Wichita was held at 8:30 a. m. on the day of her arrest, then follows this paragraph:

"Plaintiff alleges that, because she refused to do and respond in the manner most pleasing to the defendants, the defendants physically mishandled her; verbally abused her, and conspired to and did discipline and punish her illegally by lodging against her the so-called 'vag. and interne'." (No previous or other allegation refers to this charge.) "This was done by the illegal request of the defendants, directed to the Public Health Officer of the City of Wichita, Dr. J. E. Wolfe, to make an order under the cloak of his authority that this plaintiff be held in custody until she would submit to a physical examination. Dr. J. E. Wolfe complied with this request of the defendants. On this pretext of compliance with the aforesaid order, the plaintiff was not brought to trial nor was she allowed to be out on bond by these defendants, all of which was without any legal justification or excuse, and was done maliciously, with the intent to intimidate said plaintiff to submission to an invasion of her rights."

The remaining allegations are that the defendants have threatened to resume prosecution of plaintiff and by reason thereof she has remained outside of Wichita, and that she has suffered damages for loss of wages, expenses of attorneys in procuring her release and other costs incidental to the prosecution of actions for her release; that by reason thereof she has suffered damages for pain and suffering and punitive damages, for all of which she prayed.

The defendants' demurrers were on the ground that the petition did not state facts sufficient to constitute a cause of action, and the rulings thereon have been heretofore mentioned. The record as abstracted does not disclose, nor in the briefs is there any comment with respect thereto, why the trial court concluded a cause of action was stated against the defendant Shepherd, but not against the other defendants.

The gist of the plaintiff's contentions that the trial court erred in sustaining the demurrers of the defendants other than Shepherd, is that her petition alleged a cause of action for abuse of process and that the concerted action of all of the defendants made them jointly and severally liable for the acts of which she complains, and in support she states there are numerous cases wherein public officers have abused process placed in their charge and consequently have been held liable and she directs attention to *Ahring v. White,* 156 Kan. 60, 131 P. 2d 699, which was an action for malicious pros-

ecution, and not for abuse of process, and is not in point, and to *McClenny v. Inverarity*, 80 Kan. 569, 103 Pac. 82, and *Wurmser v. Stone*, 1 Kan. App. 131, 40 Pac. 993, which were actions for abuse of process. A reading of the McClenny case shows a factual situation much at variance with that pleaded in the instant case. The case is authority for the rule that an officer is protected by valid process only when he uses it for a legitimate purpose in executing its mandate but that it is not a protection for extortion or other abuses, and that two elements are necessary to an action for malicious abuse of process, one the existence of an ulterior purpose, and second, an act in the use of such process not proper in the regular prosecution of the proceeding. The Wurmser case also presented a factual situation hardly comparable with that presently pleaded. For our purposes it may be said the rule of the case is reflected in the first paragraph of the syllabus which reads:

"An officer forfeits the protection of the law which the proper execution of legal process affords, and becomes a trespasser *ab initio,* when he is guilty of such an improper and illegal exercise of authority under it as warrants the conclusion that he intended from the first to use his legal authority as a cover for his illegal conduct." (Syl. ¶ 1.)

In addition to the above decisions of this court, plaintiff directs attention to a few decisions of courts of other jurisdictions to the same effect. We note also that plaintiff directs attention to *Stoner v. Wilson*, 140 Kan. 383, 36 P. 2d 999, and others of like type, treating the question of conspiracy to commit a harm and the liability of the conspirators.

The gist of Shepherd's contention that the trial court erred in its ruling on his demurrer to plaintiff's petition is that the petition does not state a cause of action for abuse of process or for any other tort and presents a confusion of theories, but that if any cause of action is stated, it is one barred by the statute of limitations.

We shall treat the contentions together. In view of our conclusions we do not find it necessary to discuss at length the question of abuse of process. Those interested may find a rather complete discussion in 50 C. J. (Process, § 372) page 612, *et seq.,* and 1 Am. Jur. (Abuse of Process, § 1) page 176, *et seq.*

As the petition was not motioned, plaintiff is entitled to have it liberally construed, but application of that rule means only that we shall consider what is pleaded or is to be fairly inferred from what is pleaded, and does not mean that we are to read into the allega-

tions something that is not pleaded or not fairly to be inferred.

Under the allegations of the petition the plaintiff's arrest was made on view and without process, proper under G. S. 1935, 13-623. We may assume for present purposes that an arrest so made, if used as a means of extortion or to accomplish some ulterior purpose not connected with the arrest, would present a situation where rules pertaining to abuse of process might be applied. The present petition however does not make such a charge. There is no allegation whatever, nor any warranting an inference that when the arrest was made for drunkenness and possession of liquor, the arresting officer or any other defendant had any motive, malicious or otherwise, to use the arrest as an excuse to apprehend the plaintiff and then to hold her on any other charge or for any other purpose. All she charges is that after her arrest she was refused bail, and that she was physically manhandled because she refused to submit to a physical examination, the purpose of which is not clearly stated, although she does plead her habeas corpus case of *Welch v. Shepherd,* supra, which sets forth the fact. The facts pleaded are more consonant with a claim of false imprisonment or malicious prosecution, and if so construed, the action would be barred under G. S. 1935, 60-306, *Fourth.* But simply because that might be the result does not mean the petition is to be construed as stating a cause of action on some other theory so that the cause of action is not barred. Nor are we able to draw any distinction between one defendant and another—the allegations are common to all of them, and the rulings on the several demurrers should be the same. We are of the opinion that the petition presents a confusion of theories and not a single definite theory, and is controlled, by analogy, by our decision in *Sharp v. Cox,* 158 Kan. 253, 146 P. 2d 410, where it was held:

"In an action for damages against one defendant for false arrest and imprisonment and against three others for malicious prosecution, or perhaps for false arrest and imprisonment, the court correctly sustained demurrers on behalf of the three defendants because of lack of allegations of issuable facts as to them, and also because as to them the petition was not drawn upon a single and definite theory." (Syl.)

We think the demurrers of all of the defendants should have been sustained. In No. 37,885 the ruling of the trial court is reversed with instructions to sustain the demurrer of defendant Shepherd. In No. 37,913 the ruling of the trial court is affirmed.