61 F.3d 915
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rodney Lee CAMPBELL, Through his conservator and guardian,
Michael M. JACKSON, Plaintiff - Appellant,
v.
Julie A. HOFFMAN, as an individual and in her official
capacity; Dean J. McWilliams, as an individual and in his
official capacity; William A. Wempe, as an individual and in
his official capacity; Frank Gregg, as an individual and in
his official capacity, Defendants - Appellees.
 No. 94-3120.
 United States Court of Appeals, Tenth Circuit.
 July 12, 1995.
 
 1
 Before Henry and Logan, Circuit Judges, and Ellison,* Senior District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 ELLISON, Senior District Judge.
 
 
 4
 Plaintiff, who is mentally handicapped (paranoid schizophrenic), was arrested for outstanding traffic warrants, and alleges that the officers used unreasonable force in his arrest. He further alleges that the officers used criminal process against him in order to intimidate him from asserting his rights against the officers and in order to cover up their own wrongdoing and avoid civil liability for their actions. The criminal process of which plaintiff complains is that the officers filed reports that he was violent during the arrest, giving rise to charges of Battery and Aggravated Battery on a Law Enforcement Officer, and Obstruction of Legal Process.
 
 
 5
 Plaintiff was acquitted during the criminal trial, and subsequently brought this civil action claiming excessive use of force by the police officers and abuse of process. The trial court granted summary judgment in favor of all defendants on the abuse of process claim, and also granted a motion in limine regarding evidence of medical expenses[1] and legal fees incurred in the criminal trial. The unreasonable force claim went to the jury, and the jury returned a defendants' verdict. Plaintiff appeals from the final judgment in favor of defendants, asserting that the court erred in granting both the motion in limine and the motion for summary judgment.
 
 
 6
 * A trial judge's decision on a motion in limine will not be reversed absent a clear abuse of discretion. Polys v. Trans-Colorado Airlines, Inc., 941 F.2d 1404, 1407 (10th Cir. 1991). This standard is strongly deferential to the trial court, and even if there is an abuse of discretion, the error will be overlooked unless a party's substantial right was affected. Id.
 
 
 7
 Plaintiff argues that the trial court abused its discretion in excluding evidence of his medical expenses and legal fees from the criminal trial because the jury needed to know the full extent of his injuries in order to determine whether the officers' actions were objectively reasonable. Defendants argue that the issue of admissibility of evidence regarding damages is moot given that the jury found against Plaintiff on the unreasonable force claim.
 
 
 8
 Reasonableness on an excessive force claim is derived from a "totality of circumstances" test. Graham v. Connor, 109 S.Ct. 1865, 1872 (1989). The test of reasonableness:
 
 
 9
 requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight... The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.
 
 
 10
 Id. This test of reasonableness clearly does not require that the jury know the extent of the medical expenses from the competency hearing in order to make a determination, and in fact requires that the determination of reasonableness be made based on the perspective of a reasonable officer at the scene. Obviously that perspective does not include the specific medical expenses plaintiff incurred in his competency hearing or legal fees incurred in a later criminal trial. The evidence of damages had no relevance to the determination of whether the officers used excessive force and then became moot when the jury found that Plaintiff did not prove his claim of excessive force. The trial judge did not abuse his discretion in excluding this evidence.
 
 II
 
 11
 The standard of review on the grant or denial of a motion for summary judgment is de novo. The review encompasses the legal standard of Fed.R.Civ.P. 56(c) and judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. McDermott v. Midland Management, Inc., 997 F.2d 768 (10th Cir. 1993).
 
 
 12
 Plaintiff argues[2] that the Court erred in the law it applied to Defendants' motion for summary judgment, and that the ruling "effectively eliminates the state law tort of abuse of process as to official actions by police officers." To state a claim for abuse of process under Kansas law, plaintiff must establish: 1) an ulterior motive in the use of regular court process; and 2) the defendant committed an act in the use of process not proper in the regular prosecution of the proceeding. Welch v. Shepherd, 169 Kan. 363, 219 P.2d 444, 447 (1950).
 
 
 13
 Plaintiff's theory is that the defendants abused process by filing false police reports and giving false testimony in his criminal trial to cover up their excessive use of force. The jury, however, found that Plaintiff did not prove a claim for excessive use of force. Thus, they could not have found that plaintiff proved the elements of abuse of process. Accordingly, the Court does not reach plaintiff's arguments regarding the rulings on the motion for summary judgment, and the dismissal of plaintiff's abuse of process claim is affirmed.
 
 
 
 *
 The Honorable James O. Ellison, Senior United States District Judge for the Northern District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 The medical expenses which were the subject of the motion in limine were medical expenses incurred because of proceedings within the criminal trial to determine Plaintiff's competency to stand trial
 
 
 [2]
 Plaintiff first argues that the Court erred in granting summary judgment on the separate motions for summary judgment of each of the four defendants when he only had the opportunity to respond to two of the motions. He argues that failure to give an opportunity to respond deprives the court of authority to grant summary judgment. Franklin v. Oklahoma City Abstract & Title Co., 584 F.2d 964, 967 (10th Cir. 1978). Because the arguments were similar, and plaintiff has had the opportunity to fully respond to those motions on his motion for reconsideration, this argument must fail