THE ATCHISON, TOPEKA & SANTA FE RAILROAD
COMPANY v. JOSEPH BROWN.

No. 9394.

1. APPELLATE PROCEDURE — *special findings simply showing defendant not liable, refusal of judgment for defendant notwithstanding verdict not an order independently reviewable.* An order of court overruling the motion of a defendant for judgment in his favor upon the special findings of the jury, notwithstanding the general verdict, where such findings simply show non-liability to the plaintiff upon his part, is not a final order, and is reviewable only in the event of a judgment against him upon such general verdict in favor of the plaintiff.

2. MALICIOUS PROSECUTION — *corporation liable for only when agent acts within scope of authority.* A corporation is only liable to an action for malicious prosecution where the commencement or carrying on of such prosecution is within the line of employment or scope of authority of the agent instituting or conducting it.

3. ———— *all facts known, and by diligence knowable, not communicated, advice of counsel not a defense.* The advice of legal counsel, as to the institution of a criminal proceeding, sought and acted upon in good faith, will absolve one from damages for malicious prosecution; but only where all the facts known to the informant, and all which can be learned by a diligent effort to acquire information, have been laid before such counsel.

*Error from Sedgwick District Court.*
*Hon. C. Reed, Judge.*

REVERSED.                    OPINION FILED MARCH 6, 1897.

*A. A. Hurd* and *F. W. Bentley*, for plaintiff in error.

*E. N. Smith* and *Aikman & Aikman*, for defendant in error.

DOSTER, C. J.    William Higgins was an employe of the Atchison, Topeka & Santa Fe Railroad Company. He was engaged in that branch of its service known as the " Claim Department," and his special duties were to investigate depredations committed against the company's property, and, in the .event of

discovering evidences of guilt of any person, to lay all facts which he had ascertained before the county attorney of the proper county, and act only under his direction and advice. He was not authorized to procure the arrest of any person upon his own judgment, and had no authority to investigate or report any crimes committed against the State of Kansas or the United States which did not constitute depredations upon the property of the Railroad Company.

The postoffice at Augusta, Butler County, was burglarized in 1885, and Mr. Higgins procured one H. T. Dodson, the sheriff of said county, to file with a justice of the peace a complaint against Joseph Brown, the defendant in error, charging him with the commission of the burglary in question. Upon a preliminary examination before the justice, Mr. Brown was discharged, for lack of probable cause to believe him guilty of the burglary; whereupon he brought suit against the Railroad Company for damages for malicious prosecution. The Company defended upon the ground that Dodson, the complaining witness, was not its employe, and that it was in nowise responsible for his acts; that Mr. Higgins, in instigating the prosecution, was acting wholly outside the limits of his authority or employment; and, also, that both Higgins and Dodson stated to the County Attorney all the facts of which they had knowledge, and, in instituting the prosecution, acted solely upon his advice and under his direction. A trial of the case resulted in a. general verdict for the plaintiff, and in certain special · findings by the jury, in the form of interrogatories and answers. The Railroad Company moved the court below for judgment in its favor upon the special findings, notwithstanding the general verdict. This

motion was overruled and exception taken.  It then moved for a new trial ; but, pending the determination of its motion, asked to withdraw it, which the court refused to allow.  It then waived all errors occurring on the trial, excepting the refusal to render judgment in its favor on the special findings.  The plaintiff thereupon confessed the motion for a new trial, and the errors which the Company had already waived ; upon his doing which, the court, against the Company's objections, ordered a new trial of the cause. All this occurred in 1889.  From the action of the court in refusing leave to withdraw the motion for a new trial, and in granting such new trial, proceedings in error were prosecuted, and the action of the court below in ordering a new trial reversed.  *A. T. & S. F. Rld. Co. v. Brown*, 51 Kan. 6.  In 1893, after that reversal, the plaintiff moved for judgment on the general verdict, which was granted ; and upon this judgment, and the previous order, in 1889, overruling the defendant's motion for judgment on the special findings, the present proceeding in error is founded.

The defendant in error objects to the consideration of the case upon the ground that the proceedings in error were instituted too late.  The real question, he says, arises upon the refusal of the court to render judgment in the Company's favor upon the special findings ; and as this order of refusal was made in 1889, four years before the filing of the petition in error therefrom, this proceeding cannot be entertained.

The defendant in error is mistaken.  The refusal to render judgment on the special findings was not a final order, or any kind of order from which a proceeding to reverse or vacate would lie until judgment had been rendered against the Company.  Until

then, the effect of the order of refusal was held in suspension, as it were. The negation of a right, which negation can work no injury except through the perpetration of a subsequent affirmative act of wrong, furnishes no ground of complaint. A judgment against the Company might never be rendered. It must wait and see. Being defendant in the case, asking no affirmative relief, the special findings furnishing no basis for a claim of affirmative relief, to be let alone was sufficient for its purposes and rights. The principle is the same as that involved and decided in *Burton v. Boyd*, 7 Kan. 17, and *A. T. & S. F. Rld. Co. v. Brown, Adm'r*, 26 id. 443; although the facts are somewhat different.

Final judgment having now been rendered against the Railroad Company, the case is for review on the motion for judgment on the special findings notwithstanding the general verdict. The motion for judgment on these findings should have been sustained, for one of the two reasons presented in argument, but not for the other. The questions to the jury were numerous, but were all answered with unusual directness and consistency. They all tended to establish that Sheriff Dodson was in nowise an employe of the Company for any purpose; and that Mr. Higgins had no general authority or special directions from the Company to institute the criminal proceedings in question, but that the doing of the same was wholly outside his authority and the duties of his employment. A few of the questions and answers are as follows :

1. Refusal of judgment on special findings against general verdict.

" Ques. Had William Higgins any authority to investigate any crimes committed against the State of Kansas which did not constitute depredations against the Railroad Company or its property, or any crime committed against the Government of the United

States which did not constitute depredations against the Railroad Company or its property ?    Ans.  No.

"Q.  Was William Higgins authorized by any superior officers of the defendant Company to investigate the alleged crime of breaking open and burglarizing the postoffice at Augusta, Kansas ?    A.  No.

"Q.  What authority had Mr. Higgins, if any, to instigate any prosecution of any person for breaking into or burglarizing the postoffice at Augusta?    State fully.    A.  He had none.

"Q.  Was he, said Dodson, employed by the defendant Railroad Company to prosecute the plaintiff in this action for burglarizing the postoffice at Augusta, Kansas ?    A.  We think not.

"Q.  Did the said Dodson in making the complaint before the justice of the peace and causing the arrest of plaintiff for the burglarizing of the postoffice, act for himself, and as the Sheriff of Butler County, Kansas?    A.  Yes.

"Q.  If the jury answer the last question in the negative, they may state if he acted for, and as an employe of, the defendant Railroad Company, in making such complaint.    A.  Not as an employe.

"Q.  Did Dodson, after the complaints were prepared by the county attorney, in signing them and swearing to them and filing them with the justice of the peace, do so as an employe of the Railroad Company, or for and on its behalf, and without any idea of doing so, as and for, and on his own account as Sheriff of Butler County, Kansas?    A.  He did on behalf of the Railroad Company, but not as an employe."

It was in evidence that the Company's depot at Augusta had been burglarized about the same time the postoffice was broken into, and, presumably, by the same person.    Hence, in an indirect manner, whatever was done to bring the perpetrators of the postoffice burglary to justice, might also discover the guilt of the depot burglars, and thus be said to be done ir the Company's behalf.    This explains the answer to the last question.

A corporation is liable to an action for malicious prosecution, but as it can act, maliciously or otherwise, only through agents, the tortious act must be performed in the line of the employment of such agent and in the execution of the authority conferred., *Wheeler & Wilson Mfg. Co. v. Boyce*, 36 Kan. 350. Of course, the rules for determining what is, and what is not, in the line of the agent's employment or within the scope of his authority, are the same in the case of corporate agents as in the case of agents for individuals. One of these is, that, where the right of recovery is not based upon an allowance by the principal to the agent of an appearance of authority which he did not in .fact possess,— in other words, where the principal is not estopped by his own conduct to deny the agency,— he can be held liable only for such acts of his agent as fall within the limits of the authority conferred. This removes the case beyond all controversy. Neither Higgins nor Dodson had any authority, special or general, to set in motion the machinery of the criminal law for the punishment of the postoffice burglars. The jury so found ; and, therefore, the judgment of the court should have been in favor of the Company, on the special findings in question.

*2. Corporation not liable for malicious prosecution, when.*

The case, however, is different as to the claim by the Company of *bona fide* conduct upon the part of Higgins and Dodson, in laying the result of their investigation into the evidence of defendant's guilt before the county attorney and acting upon his advice. The advice of legal counsel, sought and received in good faith, will absolve one from damages for malicious prosecution. In such case the prosecution cannot be adjudged malicious, but only mistaken. *Dolbe v. Norton*, 22 Kan.

*3. Advice of counsel defense for malicious prosecution, only when.*

101.   However, all the facts must be laid before such counsel ; not only all which are known to the informant, but all which can be learned by a diligent and faithful effort to acquire pertinent information.   *Clark v. Baldwin*, 25 Kan. 120.   This was not done in the case under consideration.   The inquiry to the jury, in several instances, was, whether Higgins and Dodson had laid all the facts *they knew* before the county attorney.   The jury answered "yes" ; but they were not asked whether all the facts *which could be learned* by diligent investigation had been laid before such attorney ; and, in one instance, a finding was made that this had not been done :   "Q. What motive, if any, had Higgins for making a false charge against the plaintiff ?   A.   He had no motive for making a false charge, but he failed to make proper investigation respecting Brown's reputation in the neighborhood, and his connection with this case."

The judgment, however, must be reversed upon the other ground ; and, the findings of the jury being in favor of plaintiff in error, defendant below, judgment in its favor is ordered thereon.

All the Justices concurring.