JAMES A. DRAKE, *Appellant*, V. I. M. VICKERY,
*Appellee*.

No. 16,263.

SYLLABUS BY THE COURT.

MALICIOUS PROSECUTION—*Advice of Counsel—Direction of Verdict.* In an action for malicious prosecution, where the defense is mainly based upon the advice of counsel, it is error to direct a verdict for the defendant if the evidence shows that a substantial question of fact was presented whether he had stated to counsel, whose advice he relied upon, all the material facts known to him.

Appeal from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed January 8, 1910. Reversed.

*L. C. Brown*, for the appellant.

*C. T. Atkinson*, and *Tetrick & Curran*, for the appellee.

The opinion of the court was delivered by

BENSON, J.: This is an action for damages for malicious prosecution. The court directed a verdict for the defendant. The plaintiff, Drake, appeals.

The defendant, Vickery, leased a farm to the plaintiff for one year. The lease, among other stipulations, contained the provision that the land should "revert to owners as fast as crop is taken off for other renters if he wishes." Another provision was that the tenant should "have his wood on river place." Late in the fall some trouble ensued concerning the lease and its provisions, and the defendant, upon the advice of counsel, locked the gates leading into the orchard, and also a gate leading into a field in which alfalfa had been raised and where it was stacked. The plaintiff demanded the removal of these locks, and upon refusal of the demand broke them. The defendant again sought the advice of his attorney, to whom he showed

the lease, and was advised to state his case to the county attorney. This he did, and that officer advised a criminal prosecution and drew up a complaint charging the plaintiff with a misdemeanor in maliciously destroying the personal property of another, which the defendant verified and filed before a justice of the peace. The trial upon this complaint resulted in an acquittal, and thereupon the action was commenced alleging that the prosecution was malicious.

Both the county attorney and the attorney under whose advice the defendant acted in placing locks upon the gates advised the prosecution, after examining the lease and hearing the statements of the defendant of the facts as he claimed them to be.

It appears that the ground upon which the defendant was advised to lock the gates and to prosecute for the destruction of the locks was the clause in the lease providing for a reverter of the lands as the crops were taken off, and the clause that firewood should be taken from another farm. The plaintiff, it seems, was using the trimmings of the orchard and of a grove in the alfalfa field for fuel, and he testified to an oral agreement, made after the lease, modifying its terms in that respect and giving him the right to use these trimmings for that purpose. The defendant did not relate to counsel that such an oral modification of the lease had been made, but did call attention to the stipulation in the lease. If there was such a subsequent agreement it was a highly important fact that he should have stated to his counsel, and the plaintiff clearly had the right to have the fact determined by the jury.

The defendant relied upon the existence of probable cause for the prosecution, and the advice of counsel to show such probable cause. It is true that where the advice of counsel is sought and acted upon in good faith it will absolve from damages; but only where all the facts known to the informant, and all which he could learn by a diligent effort, are laid before such counsel.

(*Railroad Co. v. Brown*, 57 Kan. 785.) Whether in this case all the material facts about taking the firewood were stated to counsel was a question for the jury, which they must determine in order to find whether a full statement of the facts had been so made. The court therefore erred in taking the case from the jury.

The judgment is reversed and the cause remanded for a new trial.