No. 22,717.

GARDNER P. WALKER, *Appellant*, v. E. W. SMAY, *Appellee.*

SYLLABUS BY THE COURT.

1. MALICIOUS PROSECUTION—*Both Malice and Want of Probable Cause Must Be Proven.* To recover damages for the malicious prosecution of a civil suit plaintiff must allege and prove not only that the defendant was actuated by malice in commencing the prosecution but also that it was instituted without probable cause.

2. SAME—*Malicious Prosecution—Malice a Question of Fact for Jury—When Want of Probable Cause is Question of Law for Court—Evidence.* The existence of malice is ordinarily a question of fact for the jury, but where there is no dispute in the testimony, the presence or absence of probable cause is a question of law for the court, and it is held that the testimony of plaintiff in the instant case failed to show that the prosecution was instituted with malice or without probable cause.

Appeal from Franklin district court; CHARLES A. SMART, judge. Opinion filed March 12, 1921. Affirmed.

*F. A. Waddle,* of Ottawa, for the appellant.

*Walter. Pleasant,* and *F. M. Harris,* both of Ottawa, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to recover damages for the malicious prosecution of a civil suit. A demurrer to the plaintiff's evidence was sustained and judgment given for defendant, from which plaintiff appeals.

In the original action E. W. Smay alleged that Gardner P. Walker and three others cut down trees growing upon Smay's land and converted the timber taken therefrom to their own use, and he asked for treble damages because of the trespass. The trial of that case resulted in a judgment for Walker. Soon afterwards, Walker commenced the present action charging that the former action had been brought maliciously and without probable cause, and further that in connection with the suit Smay had caused a groundless garnishment process to issue. When plaintiff had offered his evidence in this case a demurrer thereto was sustained, and the contention here is

Walker v. Smay.

that the court erred in taking the case from the jury. Damages may be recovered for the malicious prosecution of a civil suit. (*Marbourg v. Smith,* 11 Kan. 554, *Investment Co. v. Burdick,* 67 Kan. 329, 337, 72 Pac. 781.) Before the plaintiff could recover for the malicious prosecution of the action it would be necessary for him to allege and prove the elements necessary to maintain an action for malicious prosecution of a criminal case, and therefore it devolved on him to show that the prosecution was malicious, that it was instituted without probable cause, that it had terminated in his favor, and that he had sustained damages. It is not enough to show malice alone, nor the absence of probable cause alone. Both must concur, and unless both are shown the plaintiff must fail. (*Malone v. Murphy,* 2 Kan. 250.) Malice it is true is a question of fact for the jury, but it must be established by evidence. There was no evidence except that produced by the plaintiff, and in it there was no affirmative proof of an improper motive or of malice in bringing the prosecution. It is said that malice may be inferred from the want of probable cause, but the testimony as to that element is practically without dispute and does not show an absence of probable cause for instituting the action. While plaintiff did not assist the other parties in cutting down trees on the Smay land, he did assist in carrying logs to the saw and in the sawing of timber derived from the trees that were cut by others. He spent a part of three or four days in this work. He admits that he furnished a team for transporting one of the parties to the place where the trees were cut and the timber sawed. He also took out a camping outfit, which he had, to the place of operations and there he built fires, heated the dinner pails, and kept the camp while the men were cutting and sawing wood. Two loads of this wood were hauled to his home in town and he paid the men who did the hauling. When Smay learned that parties had cut down his trees and carried away and converted the wood, and of the part that each had taken in the transaction he took the advice of an attorney and brought the action of trespass. While that action resulted in favor of the plaintiff, Walker, there seems to have been facts and circumstances sufficient to warrant a reasonably prudent man to believe that the wrongful trespass had been participated in by plaintiff. The pres-

ence or absence of probable cause does not depend on the result of the original proceeding as an action may be defeated where the apparent facts and circumstances point directly to a party as the wrongdoer and justify the commencement of the action. (*Stewart v. Sonneborn*, 98 U. S. 187; 18 R. C. L. 36-39.)

We think the facts and circumstances about which there was no conflict amounted to probable cause, and was a question of law for the court. (*Michael v. Matson*, 81 Kan. 360, 105 Pac. 637.)

An examination of the evidence satisfies us that the question was rightly decided by the court and we see no error in the ruling sustaining the demurrer to plaintiff's evidence.

The judgment is affirmed.