No. 28,129.

W. N. ROWE, *Appellant* and *Cross Appellee*, v. THE GLEN ELDER STATE BANK, THE STATE BANK OF DOWNS, and D. H. LOCKRIDGE, *Appellees* and *Cross Appellants*.

(267 Pac. 998.)

Opinion filed June 9, 1928.

*R. L. Hamilton, C. L. Kagey, L. M. Kagey* and *R. H. Noah,* all of Beloit, for the appellant and cross appellee.

*N. C. Else,* of Osborne, *A. E. Crane, B. F. Messick* and *Harry Crane,* all of Topeka, for the appellees and cross appellants.

The opinion of the court was delivered by

JOHNSTON, C. J.: This case comes here by appeal from a decision granting a new trial on the motion of defendants. The action was brought by W. N. Rowe to recover damages from the Glen Elder State Bank, The State Bank of Downs and D. H. Lockridge, for the malicious prosecution of plaintiff upon a charge of feloniously selling and disposing of mortgaged property.

Upon a preliminary examination of the charge in the county court Rowe was discharged, the court holding that there was no

probable cause that he had committed the offense charged against him. He then instituted the present action, and at the trial before a jury the district court sustained a demurrer to plaintiff's evidence as to the State Bank of Downs and overruled it as to the Glen Elder State Bank, and D. H. Lockridge. Evidence was offered in their defense, and the case was submitted to the jury as to the liability of the Glen Elder State Bank and D. H. Lockridge, its president and cashier. The jury returned a verdict in favor of the plaintiff awarding him damages against the two remaining defendants in the amount of $2,000. The defendants filed a motion for a new trial, setting up thirteen grounds, including errors in the instructions, rulings on the competency of evidence admitted, that the evidence was insufficient to sustain a verdict, that the verdict was excessive and was given under the passion and prejudice of the jury, and errors of law occurring at the trial. The court sustained the motion and granted a new trial.

In the entry of the court's decision there was no specification of the ground or grounds upon which the ruling was based. In the argument on the motion for a new trial considerable was said as to the instructions, and the court indicated in a colloquy with counsel that its failure to give an instruction was a ground for granting a new trial. The court, however, among other things, said that aside from the instruction held to be erroneous, it was "not the only thing in this case the court is not fully satisfied with. I believe it my duty to grant a new trial of the case."

The court had failed upon request to instruct the jury as to the particular facts found to exist which would or would not constitute probable cause, it being the contention of defendants that probable cause is primarily a question for the court, and that it was its duty to instruct the jury as to what facts constitute probable cause.

While plaintiff assigns errors in the order granting a new trial, it is not open to question that it was the province and duty of the court to decide as a matter of law whether particular facts relied on constituted probable cause. Where the facts as to probable cause are in dispute, it is the function of the jury to find what facts exist, but it is the function of the court to determine and advise the jury what facts if proven will or will not constitute probable cause. This the court failed to do. A general instruction was given on the subject of probable cause, which left the jury to determine not only the existence of the facts but also whether the facts proven or found

constituted probable cause. Under the authorities the latter is a question of law for the court to decide. We have said:

"Where the facts are disputed it must be left to the jury to determine what the facts are, but the court should instruct what facts amount to probable cause for an arrest and what do not. The court should summarize the claims of the parties and state to the jury what basis of fact must exist to show probable cause and what will sustain the claim of a want of probable cause." (*Drumm v. Cessnum,* 58 Kan. 331, 333, 49 Pac. 78.)

See, also, *Parli v. Reed,* 30 Kan. 534, 2 Pac. 635; *Bell v. Keepers,* 37 Kan. 64, 14 Pac. 542; *A. T. & S. F. Rld. Co. v. Watson,* 37 Kan. 773, 15 Pac. 877; *Railway Co. v. Allen,* 70 Kan. 743, 79 Pac. 648; *Michael v. Matson,* 81 Kan. 360, 105 Pac. 537; *Buchanan v. Insurance Co.,* 108 Kan. 520, 196 Pac. 249.

Under the evidence the failure of the court to instruct the jury as to what facts would constitute probable cause was sufficient of itself to justify the granting of a new trial. Aside from that ground the court in a colloquy with counsel at the hearing of the motion for a new trial remarked that the error in the instruction was not the only thing in the case he was not satisfied with, and thereupon announced that he believed it to be his duty to grant a new trial. The record of the action of the court on the motion for a new trial sets out numerous grounds and concludes with a general order granting the motion. If either party desired that the court should specify the particular ground or grounds on which the ruling was based, that was the time to ask for it. Instead of making such a request, both parties accepted as satisfactory and sufficient the entry directed. As the record fails to state upon what ground the new trial was granted, the order cannot be reversed if it can be sustained on any of those assigned.

The court is warranted in setting aside a verdict which it cannot approve. If we look beyond the record it is manifest that the court was not satisfied with the result, and hence without his approval of the findings and verdict no error is apparent in the granting of the new trial.

Complaint is also made by plaintiff of the action of the court in sustaining the demurrer of the Downs State Bank to the evidence of plaintiff, and the dismissal of that defendant from the case. It is clear from a reading of the evidence that that defendant did not participate in the institution of the prosecution in any way that would make it liable for malicious prosecution. The remaining defendants have filed a cross appeal and are insisting that their

demurrer to the evidence of plaintiff should have been sustained. It is equally clear that under the facts which were within the function of the jury to determine the court did not err in overruling the demurrer of these defendants.

The judgment is affirmed.