No. 29,594.

W. N. ROWE, *Appellant*, v. THE GLEN ELDER STATE BANK and D. H. LOCKRIDGE, *Appellees*.

(297 Pac. 703.)

*R. L. Hamilton, C. L. Kagey, L. M. Kagey* and *Leon W. Lundblade,* all of Beloit, for the appellant.

*A. E. Crane, B. F. Messick,* both of Topeka, and *N. C. Else,* of Osborne, for the appellees.

The opinion of the court was delivered by

Hutchison, J.: This is an action for malicious prosecution in which the jury returned a verdict for the plaintiff for $2,000 and the court set off against that verdict and judgment thereon sufficient of a $3,500 judgment to cover that judgment, and rendered judgment for the defendant for costs.

Plaintiff appeals, assigning as errors: first, the overruling of a motion to strike the amended answer from the files because filed out of time and without notice to plaintiff; second, permitting defendant to set off its prior judgment against the judgment of the plaintiff on the verdict, the judgment of the defendant against the plaintiff having been discharged in bankruptcy proceedings; and third, disregarding the lien of plaintiff's attorney filed in the action, the required notice having been given long prior to the return of the verdict in plaintiff's favor.

Defendant has filed a cross appeal, alleging error in striking from the files a supplemental answer, pleading *res adjudicata,* by the sustaining of the demurrer to the evidence as to the second count in the complaint and as to one of the defendants in this action upon a former trial, and also in overruling defendant's motion for judgment in its favor for costs on the answers of the jury to the special questions notwithstanding the general verdict.

Other errors are assigned which have reference to the evidence and the procedure, but the abstract does not contain any of the evidence so the review will be limited to the pleadings and the rulings of the court as shown by the journal entries.

The action was originally against two banks and the cashier of one of them. At the first trial a demurrer was sustained to the evidence as to one of the banks. In the last trial the verdict was against the remaining bank only, which left the cashier thereof entirely out, and this appeal is by that bank.

The petition alleges that the bank, through its cashier, the defendant, D. H. Lockridge, maliciously and without probable cause swore to a complaint and charged the plaintiff with feloniously selling and disposing of mortgaged property without the consent of the mortgagee with intent to defraud, alleging further that such step was purposely taken by the bank to injure the plaintiff in his good name and reputation and for the purpose of endeavoring to collect a debt that the defendant claimed the plaintiff owed the bank. The petition contained the other usual and necessary allegations. The defense consisted of a general denial and allegations of having fully and truthfully placed all information within the knowledge of defendant in the hands of the county attorney, who advised the commencement of the prosecution; also of having disclosed all the facts within their knowledge to private attorneys and in finally making the complaint acted in good faith and upon the advice of counsel. Later an amended answer was filed setting out a judgment held by the defendant against the plaintiff which asked that it be used as a set-off against any judgment plaintiff might obtain.

The jury answered twelve special questions, the first, ninth, tenth and twelfth of which, with the answers, are as follows:

"1. Was the prosecution of plaintiff, W. N. Rowe, begun for the purpose of collecting a debt? A. Yes.

"9. Prior to the bringing of the prosecution did defendant, Lockridge, fully and truthfully state all facts within his knowledge to attorneys, Else and Crane? A. Yes.

"10. Did attorneys Else and Crane advise the bringing of the criminal action complained of? A. Yes.

"12. Did defendant Lockridge, in swearing to the complaint, rely upon the advice of attorneys, Crane and Else, or either of them? A. Yes."

If either of the first two assignments of error made by the appellant should be sustained, such conclusion would dispose of the judgment of the appellee as a set-off. If the third assignment should be determined according to the contention of the appellant the lien of appellant's attorney would supersede the set-off and it would give to the attorney a part of the appellant's judgment against the appellee, which he could enforce regardless of the set-off. The sustaining of any one or all three of these carefully argued assignments urged by the appellant, would still leave open for determination the points raised by the cross appeal, which go directly to the

right of the appellant to a judgment upon the general verdict. For this reason we will first consider the cross appeal.

Was there error in overruling defendant's motion for judgment in its favor for costs on the answers to the special questions notwithstanding the general verdict? Three answers to special questions show that defendant Lockridge (cashier), prior to the bringing of the prosecution, fully and truthfully stated all the facts within his knowledge to attorneys Else and Crane, that they advised the bringing of the criminal action and that he in swearing to the complaint relied upon their advice. This ought to be and surely is a complete defense to an action of this kind. It was said in the case of *Dolbe v. Norton,* 22 Kan. 101:

"Where a person, acting in good faith, and under the advice of counsel learned in the law, mistakenly institutes a prosecution against another person who is not liable, and the prosecution fails, the prosecutor does not thereby render himself liable to an action for malicious prosecution, or to any other action." (p. 105.)

Similar decisions were rendered in *Clark v. Baldwin,* 25 Kan. 120, and *Drake v. Vickery,* 81 Kan. 519, 106 Pac. 290. In the last two cases cited there is an apparent modification of the rule in the form of also requiring a diligent effort to acquire information. This feature does not seem to have been involved in either of these cases, but the language was probably adopted from opinions in other cases where it may have been involved.

There is a similar line of cases where the prosecuting witness sought the advice of the county attorney instead of private counsel, and in the opinion and concurring opinions in the case of *Haines v. Railway Co.,* 108 Kan. 360, 195 Pac. 592, it was held where the complaining witness has truthfully laid before the county attorney all the facts of which he has knowledge and the county attorney directs that a prosecution be instituted, the complaining witness will not be liable in damages. It was further held that "there is no authoritative declaration of this court approving the 'diligent effort' doctrine." (p. 372.) Exactly the same principle will apply where the advice of legal counsel is sought and obtained instead of that of the county attorney and the prosecuting witness discloses to counsel all the facts within his knowledge, although such statement of facts may not have contained all that could have been learned by a diligent effort to acquire information.

The answers to the special questions bring the case fully within

the general rule in Kansas and most other jurisdictions in constituting a full and complete defense to an action for malicious prosecution. The appellant directs our attention to the first question and answer, where it is found by the jury that the prosecution of the plaintiff was begun by the defendant for the purpose of collecting a debt, and cites the case of *Kelley v. Sage*, 12 Kan. 109, where it was held in an action for malicious prosecution that—

"The criminal law was not designed to be used to enforce the collection of a debt, and a party attempting to so use it should be made to smart therefor." (Syl. ¶ 3.)

The answer to the first question tends to show malice, which is one of the essential elements in an action of this kind. Both malice and want of probable cause are necessary to be established before recovery can be had.

"To recover damages for the malicious prosecution of a civil suit plaintiff must allege and prove not only that the defendant was actuated by malice in commencing the prosecution but also that it was instituted without probable cause." (*Walker v. Smay*, 108 Kan. 496, syl. ¶ 1, 196 Pac. 231.)

In the case of *Jackson v. Linnington*, 47 Kan. 396, 28 Pac. 173, the plaintiff had been arrested for a crime which was the basis for the action for malicious prosecution, and one of the answers given by the jury to a special question was as follows:

"Was the object of the defendant in prosecuting the plaintiff to prevent the plaintiff from building a building on said lot 13? A. Yes; and to prevent anyone getting possession before a pending contract was consummated." (p. 398.)

The court held:

"In an action for malicious prosecution upon a charge of malicious trespass, where there was probable cause for commencing the prosecution, and where the defendant, acting upon the advice of attorneys, and believing there was probable cause, in good faith and without malice caused the arrest of the plaintiff, the defendant is not liable to the plaintiff, although one of his purposes was to prevent the construction of a building upon his land." (Syl. ¶ 2.)

So that this answer going to malice only will not disturb the effect of the other answers.

"While, as the name implies, malice is the root of the action of malicious prosecution, malice alone, even when extreme, is not enough, but want of probable cause for the institution of the original proceedings must also be shown. If probable cause exists it is an absolute protection against an action

for malicious prosecution, even when express malice is proved." (18 R. C. L. 33.)

"The very foundation of the action is that the previous legal proceeding was resorted to or was pursued causelessly. Where it appears that there was probable cause to institute the original proceeding, such fact constitutes a complete defense to an action of malicious prosecution, irrespective of the motive in instituting the prosecution." (38 C. J. 400.)

We conclude that the answer of the jury showing that the purpose of the arrest was to collect a debt goes only to the question of malice, which is one of the two necessary elements to support an action for malicious prosecution, the other being want of probable cause, and the latter being entirely covered by the other answers about taking legal advice and relying upon it, the answers will not sustain the general verdict but will support a judgment for defendant, notwithstanding the general verdict.

The trial court erred in overruling defendant's motion for such judgment.

It is unnecessary to consider the other points raised in the cross-appeal or any of the points raised by the appellant, as the sustaining of this point completely disposes of the entire case. The same final result as between the parties is reached by this conclusion as was reached in the trial court, namely, judgment for defendant for costs, but by a different process which requires a reversal.

The judgment is reversed and the cause is remanded with instructions to render judgment for defendant for costs on the answers to the special questions notwithstanding the general verdict.

SLOAN, J., not participating.