No. 31,292

C. E. KENNEDY, *Appellee*, v. LEWIS WAGNER and EDITH WAGNER, *Appellants.*

(27 P. 2d 214.)

Opinion filed December 9, 1933.

*Leon W. Lundblade,* of Beloit, for the appellants.

*John J. McCurdy,* of Lincoln, and *Ralph H. Noah,* of Beloit, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for malicious prosecution. Judgment was for plaintiff. Defendants appeal.

Plaintiff was arrested and charged with the crime of adultery. A complaint against plaintiff was sworn to by Lewis Wagner charging the offense had been committed against his daughter, Edith Wagner. Subsequently that complaint was dismissed and another case was instituted by means of an information signed by the county attorney direct in district court. At the trial of the criminal case defendant there, plaintiff here, was found not guilty. This action brought by

Kennedy for malicious prosecution against Lewis Wagner and Edith Wagner followed. The defense relied upon by defendants is that they placed all available information concerning the commission of the crime truthfully in the hands of the county attorney and in the hands of the special prosecutor retained by them.

The case was tried to a jury which returned a verdict for $571.50 against each defendant. Judgment was rendered accordingly. The jury answered special questions as follows:

"1: Was there probable cause for instituting the prosecution against the plaintiff in this case? A. No.

"2: Was the prosecution against the plaintiff instituted through malice? A. Yes.

"3: Did the defendant, Lewis Wagner, truthfully lay before the county attorney all the facts of which he had knowledge prior to the institution of the criminal prosecution? A. No..

"4: If you find that the defendant, Lewis Wagner, did not truthfully state to the county attorney all of the facts within his knowledge with reference to the commission of the alleged crime against his daughter, then state what facts he failed to communicate to the county attorney. A. His demand for two thousand dollars ($2,000) from C. E. Kennedy.

"5: Did the county attorney advise that a prosecution be instituted against the plaintiff? A. Yes.

"6: Did the defendant, Lewis Wagner, truthfully lay before private legal counsel all of the facts of which he had knowledge? A. No.

"7: Did the defendant, Lewis Wagner, fully and truthfully state all the facts within his knowledge to Attorney Leon W. Lundblade? A. No.

"8: If you find that the defendant, Lewis Wagner, did not truthfully state to Attorney Leon W. Lundblade all of the facts within his knowledge with reference to the alleged crime committed against his daughter, then state what facts were unstated or withheld from the said Leon W. Lundblade. A. The fact that Edith Wagner had missed no menstruation period.

"9: Did Attorney Leon W. Lundblade advise the bringing of the criminal action complained of? A. Yes.

"10: Did the defendant, Lewis Wagner, in swearing to the information in the criminal case in the district court, and in prosecuting the criminal case, rely upon the advice of—(a) The county attorney? Yes. (b) Attorney Leon W. Lundblade? Yes.

"11: If you find for the plaintiff and against the defendant Lewis Wagner, how much do you allow as actual damages? $571.50.

"12: If you find in favor of the plaintiff and against the defendant Lewis Wagner, how much, if any, do you allow as punitive damages? None.

"13: If you find in favor of the plaintiff and against the defendant Edith Wagner, how much do you allow, if anything, as actual damages? $571.50.

"14: If you find in favor of the plaintiff and against the defendant Edith Wagner, how much, if anything, do you allow as punitive damages? None.

"15: On and prior to the time that Lewis Wagner talked with the county attorney on the day that C. E. Kennedy was arrested had he made a reasonable effort to find all the facts in this case? No.

"16: If you answer the foregoing question in the negative, then state what facts he could have learned by a reasonable investigation. The fact that Edith Wagner was not pregnant at the time of the arrest."

Defendants point out the answers to questions 3 and 4 and argue that these answers constitute a finding that the information that was withheld from the county attorney was a fact that was not material in the criminal case and that this finding should be considered in connection with the undisputed evidence that full disclosure of the facts with reference to the demand for $2,000 was made. In this connection the evidence was that the defendant, Lewis Wagner, called on plaintiff and demanded $2,000 from him because his daughter was pregnant.

Defendants point out the answers to questions 6, 7 and 8. It is argued that these answers are a finding that Wagner and his daughter withheld from counsel the fact that the daughter had missed no menstruation period, and that this is contrary to the evidence.

At the proper stage of the proceedings defendants filed motions to set aside the answers to special questions, for judgment and for a new trial. These motions were all denied, and defendants appeal.

The questions will require an examination of the entire record. The record discloses that Wagner and his daughter called on the county attorney and told him that Kennedy had been having sexual intercourse with the daughter. The county attorney did not testify that Wagner told him anything about his having asked Kennedy to pay him $2,000. So far, that would support the answer of the jury to questions 3 and 4. Before we conclude that the answers to these questions are sufficient to support the judgment we will examine the record as to what was said to the special prosecutor on this subject. The undisputed evidence of Wagner was that he retained a special prosecutor to assist the county attorney in the prosecution and was guided by and relied upon his judgment.

The undisputed testimony of the special counsel was that Wagner told him about the demand he had made on Kennedy for $2,000. The filing of the information upon which Kennedy was actually tried occurred subsequent to the retaining of the special prosecutor by Wagner and the conversation just referred to. Since the undisputed evidence is that at least one of the attorneys who was in

charge of the prosecution was told about the demand for money we have concluded that the answers of the jury to questions 3 and 4 are not sufficient to support the judgment. We hold that a reasonable inference may be drawn from the fact that even though Wagner withheld the fact about the demand for money from the county attorney he did not do it from malicious motives since he told his special counsel about it soon after the conference with the county attorney. Our conclusion on this point is strengthened by the fact that the undisputed evidence of the county attorney and the special prosecutor is that both Mr. Wagner and his daughter made frank and truthful answers to all questions that either one of the attorneys asked them.

It is argued that the answers of the jury to questions 6, 7 and 8 are sufficient to support the judgment. These are answers wherein the jury found that Wagner did not tell the special counsel that Edith Wagner had missed no menstruation period. In fact we are not satisfied from the record that she actually had missed none. We have examined the record carefully and have found no evidence that Lewis Wagner knew that Edith had missed no menstruation period. If he did not know that she had missed no period then he was not bound to tell the special prosecutor that she had missed none. Since this is disclosed by the record, we have concluded that answers 6, 7 and 8 are not sufficient to support the judgment.

This court holds that the fact a complaining witness against whom an action has been brought for malicious prosecution truthfully laid before legal counsel all the facts of which he had knowledge and the legal counsel advised the bringing of the prosecution is a defense to the action. (See *Rowe v. Glen Elder State Bank*, 132 Kan. 709, 297 Pac. 703, and cases there cited.) The defendants in this case did that to the best of their knowledge. In view of the undisputed evidence the motion of defendants for judgment on the special findings notwithstanding the general verdict should have been sustained.

The judgment of the trial court is reversed with directions to enter judgment for defendants.

DAWSON, J., dissenting.

HUTCHISON, J., not sitting.