No. 38,812

Robert L. Messinger, *Appellant,* v. Louis J. Fulton, *Appellee.*

(252 P. 2d 904)

Opinion filed January 24, 1953.

A. B. *Mitchell*, of Lawrence, argued the cause, and *George K. Melvin*, of Lawrence, was with him on the briefs for the appellant.

*Harry A. Lanning*, of Seneca, argued the cause, and *William M. Drumm*, of Seneca, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER J.: This is a suit to recover damages for malicious prosecution. The plaintiff appeals from the trial court's action in sustaining a demurrer to his evidence, in rendering judgment against him for costs, and in overruling his motion for a new trial.

The principal question raised by this appeal, and the one on which all other issues involved will stand or fall, is whether the trial court erred in sustaining appellee's demurrer to appellant's evidence. On that account, except for a summary indication of our views respecting the propriety of the judgment and the ruling on the motion for a new trial, this opinion will be limited to consideration of matters essential to the disposition of such question which, it should be kept in mind, must be disposed of in the light of the well established rule (See *Will v. Hughes*, 172 Kan. 45, 238 P. 2d 478; *Blankenship v. Fraker*, 173 Kan. 438, 249 P. 2d 683, and decisions cited on page 439 of the opinion) that in ruling on a demurrer to the evidence this court does not weigh or compare contradictory testimony but must accept all evidence as true, give it the benefit of all inferences that may properly be drawn therefrom, and consider only such portions thereof as are favorable to the party adducing it.

Applying the rule appellant's evidence, so far as it relates to the facts giving rise to this controversy, in substance disclosed:

Beginning in March, 1949, appellant was a farm tenant of appellee's under a written lease. On the 12th day of January, 1951, appellant with others went to a barn on the leased premises to divide a substantial amount of baled hay in which both parties had an interest. About one week before appellee, without appellant's permission or consent, placed a lock on the barn door. On reaching the barn appellant removed the door from the track on which it would slide open by lifting it off the track and swinging it around horizontally without disturbing the lock placed thereon by appellee. Prior to removing any hay appellant went to a nearby neighbor's home, called the appellee's wife by telephone, and asked

her to tell her husband to come out and divide the bales. She replied that she would do so. Appellant then returned to the barn. While he and those with him were awaiting the arrival of appellee, and before any hay had been taken from the barn, appellee and another person appeared on the scene with shotguns. Appellee approached appellant and his helpers at a rapid rate of speed. As he did so he cursed them and fired five shots from his shotgun which failed to inflict any injury on the persons present but did result in their departure from the premises at a high rate of speed.

Following the foregoing controversy appellant caused appellee to be arrested on a charge of assault with a deadly weapon. Some three or four days later, on January 19, 1950, appellee swore to a complaint charging appellant with feloniously breaking and entering the barn in the daytime, in which there was kept baled hay belonging to appellee, with the intent to steal such hay. A warrant issued in response to this complaint and appellant was arrested by the sheriff of Brown county and kept at the county jail for several hours until he could make bond. Subsequently each of the parties was given a preliminary examination on the charge filed against him. In due course both were bound over to the district court. Sometime later the charge against appellee was reduced from a felony to a misdemeanor. Thereupon he entered a plea of guilty to assault and was fined $250. On the same date the action pending against appellant was dismissed. Thereafter appellant commenced this action which eventually came on for trial by a jury and ultimately was disposed of in the manner heretofore indicated.

Appellee's demurrer to appellant's evidence was based on grounds (1) that the evidence failed to show a want of probable cause on his part when he signed the complaint against Messinger, (2) the evidence affirmatively disclosed that upon a full and fair statement of the material facts to the county attorney and further upon an independent investigation made by the law enforcement officers of Brown county (the county wherein all acts here in question occurred) the county attorney advised the appellee there was probable cause to believe the offense charged against Messinger had been committed and that the filing of the complaint was justified and proper, and (3) that the evidence affirmatively showed approval of the dismissal of the prosecution against Messinger by his attorney of record.

Appellee concedes the sole question involved on appellate re-

view is whether the trial court erred in sustaining his demurrer to appellant's evidence and in this court bases his claim that ruling was proper and must be upheld upon the following contentions:

1. "That the testimony of the County Attorney, offered by and admitted as a part of the evidence in chief of the appellant, showed beyond dispute:

"a. That the appellee made a fair and full statement of all the facts to the County Attorney before he signed the complaint.

"b. That the appellee willingly answered all questions asked him by the County Attorney.

"c. That the County Attorney made his own investigation of the facts before the complaint was signed and filed, having talked to both parties and all the witnesses.

"d. That the County Attorney caused the Sheriff to make an investigation of the facts before the complaint was signed and filed, and to make a report back to him.

"e. That the County Attorney relied upon his own investigation, and upon the report by the Sheriff of the Sheriff's investigation, and upon the statements made by appellee.

"f. That the County Attorney conducted the preliminary examination of the appellant and could not recall that there was any testimony thereat respecting any material fact or circumstance that was not known to him at the time appellee signed the complaint.

"g. That the County Attorney requested, and argued to the magistrate to bind the appellant over to District Court for trail.

"h. That the County Attorney advised the appellee that he had a case that he was justified in fighting, authorized him to file the complaint, and that he 'advised' and 'told' the appellee to sign and file the complaint against the appellant.

2. "That such testimony of the County Attorney proved the existence of probable cause or, in the alternative, that it proved a valid defense to appellee's case."

Stated in summary fashion appellant's position is that his evidence was sufficient to establish all the elements essential for the maintenance of a cause of action for malicious prosecution and that the court was not warranted in holding that some of the evidence adduced by him constituted a defense to such cause of action and precluded his recovery thereon as a matter of law.

Examination of the briefs as well as an analysis of the contentions advanced by appellee as grounds for sustaining the ruling on the demurrer disclose there is little, if any, dispute between the parties regarding the fundamental principles of law decisive of malicious prosecution proceedings. Nevertheless some of those principles, particularly those having a bearing on the disposition of the issue here involved, will add to this opinion and should

be briefly reviewed. Such principles, all well established in this jurisdiction, can be stated thus:

That to recover damages for malicious prosecution the plaintiff must allege and prove not only that the defendant was actuated by malice in instituting the prosecution but also that it was instituted without probable cause (*Barnes v. Danner*, 169 Kan. 32, 216 P. 2d 804; *Walker v. Smay*, 108 Kan. 496, 196 Pac. 231; *Malone v. Murphy*, 2 Kan. 250).

In an action for malicious prosecution, where the facts with respect thereto are not in dispute, questions relating to malice, probable cause, or whether the evidence discloses a legal defense to the action, are primarily for decision by the court but if the facts tending to establish the existence or want of existence of any or all of such questions are in dispute it is the duty of the trial court to submit such question, or questions, to the jury with appropriate instructions defining the law applicable to the rights of the parties under the evidence of record (*Bell v. Matthews*, 37 Kan. 686,, 16 Pac. 97; *A.T. & S.F. Rld. Co., v. Watson*, 37 Kan. 773, 15 Pac. 877; *McGarr v. Schnoor Cigar Co.*, 125 Kan. 760, 266 Pac. 73; *Baker v. Larson*, 138 Kan. 200, 25 P. 2d 375; *Walker v. Smay*, supra; *Barnes v. Danner*, supra).

The finding of an examining magistrate that an offense has been committed, and that there was probable cause to believe the defendant guilty thereof, is only *prima facie* evidence of probable cause in an action for malicious prosecution brought by such defendant against the prosecuting witness and does not, as a matter of law, determine the issues therein (*Ross v. Hixon*, 46 Kan. 550, 26 Pac. 955; *Torson v. Baehni*, 134 Kan. 188, 192, 5 P. 2d 813; *Hill v. Day*, 168 Kan. 604, 609, 610, 215 P. 2d. 219)

The advice of the county attorney as to the institution of a criminal proceeding, sought and acted upon in good faith, is a complete defense for malicious prosecution but this is only so where all the facts known to the informant, and all which can be learned by diligent effort to acquire information regarding them, have been fully and truthfully laid before such official. (*Schippel v. Norton*, 38 Kan. 567, 16 Pac. 804; *Railroad Co. v. Brown*, 57 Kan. 785, 48 Pac. 31; *Haines v. Railway Co.*, 108 Kan. 360, 195 Pac. 592; *Beaty v. Wood*, 115 Kan. 83, 222 Pac. 97; *Rowe v. Glen Elder State Bank*, 132 Kan. 709, 297 Pac. 703; *Kennedy v. Wagner*, 138 Kan. 541, 27 P. 2d 214.)

In an action for malicious prosecution, where the defense is mainly based upon the advice of the county attorney it is error to direct a verdict for the defendant or sustain a demurrer to his evidence if such evidence shows that a substantial question of fact was presented whether he had stated to the county attorney, whose advice he relied upon, all the material facts known to him. (*Drake v. Vickery*, 81 Kan. 519, 106 Pac. 290; *Rorschach v. Diven*, 97 Kan. 38, 154 Pac. 268.)

For informative purposes, even though our own cases are ample to sustain our decision in the case at bar, see 10 A. L. R. 2d, Anno., 1215 where many decisions relating to the general subject of reliance on the advice of a prosecuting attorney as a defense to a malicious prosecution action are cited and reviewed.

It will be noted all contentions advanced by appellee in support of the ruling on the demurrer are based upon what he terms the undisputed testimony of the county attorney. Therefore our first task is to determine whether the record warrants the import he gives that evidence.

Standing alone, contention 1(*b*) is entitled to no weight because it is based upon the erroneous premise appellee willingly answered all questions asked him by the county attorney. The test, as has been previously indicated, is whether he truthfully answered all such questions. However, this contention may be considered along with contention 1(*a*) wherein it is claimed appellee made a fair and full statement of all facts to such official before he signed the complaint. We have examined the record on this point. Among other things it discloses evidence which, if believed, would have warranted the jury in concluding appellee had concealed the full facts as to appellant's possessory rights to the barn as well as his right, title, and interest to the hay stored therein and had led the county attorney to believe appellant and those who were with him were removing the hay from the barn whereas the fact was such persons were waiting for appellee's arrival and had not moved or loaded any hay at the time he arrived upon the scene of the controversy. Under such circumstances it cannot be said as a matter of law that appellee made a full and truthful statement of all the facts to the county attorney. Therefore, the question whether he had done so should have been submitted to the jury under proper instructions.

It may be conceded there was some evidence tending to sustain the claims made by appellee respecting the investigations referred

to in contentions 1(c) and (d). The trouble from his standpoint is that, contrary to what is claimed by him in contention 1(e), the record discloses express testimony on the part of such official to the effect the sheriff could not give him much information; that he assumed for the issuance of the complaint that Fulton had told him the truth and not held back anything; that he relied on what he had told him; and that that was the reason he permitted him to file the complaint against Messinger. In the face of this evidence, giving it the benefit of everything to which it is entitled under the rule referred to in the second paragraph of this opinion, we cannot agree with appellee's contention that for purposes of ruling on the demurrer the undisputed evidence discloses that in commencing the prosecution against Messinger the county attorney relied on his own investigation or on the investigation made by the sheriff.

Little if any attention need be given appellee's contentions 1(f) and 1(g). Whatever the county attorney may have said or learned at the preliminary examination constituted no defense to the action. The rule, recognized and applied by this court in *A. T. & S. F. Rld. Co., v. Watson,* 37 Kan. 773, 789, 15 Pac. 877, is that in actions for malicious prosecution the inquiry as to the want or existence of probable cause is limited to the facts and circumstances which were apparent at the time the prosecution was commenced. (54 C. J. S., Malicious Prosecution, 988, 1018, 1065 §§ 29, 52, 89; 34 Am. Jur., Malicious Prosecution, 732, 784, 790 §§ 47, 140, 153.)

When examined in the light of the rule to which we have previously referred appellee's contention 1(h) respecting the conditions and circumstances under which appellee signed the complaint against Messinger simply fails to recognize and give force and effect to all the evidence to say nothing of that which is most favorable to the appellant. The record discloses several statements made by the county attorney, while testifying as a witness, to the effect he told Fulton that *if the latter had told him the truth and had made full disclosures of the facts* he thought a prosecution against Messinger would be warranted. Elsewhere in his testimony he stated in substance that Fulton not only desired but was insistent about the issuance of the complaint and that he informed him that if the facts as reported by him were true he thought the prosecution should be filed *but that was for him to decide.*

From what has been heretofore related it is apparent there was evidence from which the jury, depending upon the weight it might

have seen fit to give it, might well have determined appellee had not fully and truthfully related the facts to the county attorney at the time the latter permitted the complaint to be filed against Messinger and that that official, notwithstanding the investigations made on his own initiative, would not have authorized the institution of such prosecution had those facts been known to him. It necessarily follows that appellee's contention 2, to the effect the testimony of the county attorney proved the existence of probable cause or, in the alternative, established a legal defense to the action as a matter of law, lacks merit and cannot be upheld.

The fact the contentions advanced by appellee fail to afford sound grounds for affirming the trial court's ruling on the demurrer to the evidence do not necessarily compel a conclusion that ruling was erroneous. Our reports are replete with cases holding that a judgment will not be reversed where error is not affirmatively shown (Hatcher's Kansas Digest, Appeal & Error, 583; West's Kansas Digest, Appeal & Error, 901).

Turning again to the record, and highly summarizing portions thereof essential to the point now to be considered, we note the trial court in ruling on the demurrer found appellant's evidence respecting malice and probable cause was sufficient to go to the jury except for the fact he had introduced other testimony which, if true, established a *prima facie* case which would defeat his cause of action and held the defenses so established by the undisputed testimony were; (1) that appellant had made a full and truthful disclosure of the facts to the county attorney and had acted on the latter's advice in instituting the prosecution; (2) that in instituting the prosecution against appellee the county attorney relied on his own invesigation, not on the information given him by the appellee; and (3) that appellant had compromised and settled any and all claims he might have had against the appellee for malicious prosecution at the time of the disposition of the criminal cases in question.

After an extended examination of the record, we are convinced the trial court properly concluded that as against a demurrer, absent other evidence precluding his recovery, appellant's evidence was sufficient to go to the jury. However, we cannot agree with its conclusions respecting the defenses established by other evidence. It must be conceded there is some evidence which would warrant those conclusions. On the other hand we find testimony which, if believed, some of which has been specifically pointed out, would

warrant conclusions directly to the contrary. With the record in that situation it is clear the facts tending to establish the existence or want of existence of the legal defenses on which the trial court based its decisions were in dispute. In that situation the trial court had no right to weigh the evidence and had the duty of submitting such questions to the jury with appropriate instructions respecting the law applicable to the rights of the parties under the disputed evidence of record. Therefore we are constrained to hold that under all the confronting facts and circumstances the record makes it affirmatively appear the trial court erred in sustaining the demurrer to the evidence, in rendering judgment against the appellant, and in overruling his motion for new trial.

The judgment is reversed with directions to set it aside and grant appellant a new trial.