C. N. McCLELLAND, and Pittsburg Tank
& Tower Company, a corporation,
Appellants,

v.

A. C. (Archie) MASTERSON, a deputy
sheriff of Jasper County, Missouri,
Appellee.

No. 9965.

United States Court of Appeals
Tenth Circuit.

June 6, 1968.

Byron J. Beck, Kansas City, (Robert
D. Benham, Kansas City, Kan., with him

on the motion), filed a motion to affirm
for appellee.

Rollie P. Emmitt, Jr., Pittsburg, Kan.,
filed a response to the motion for appellants.

Before MURRAH, Chief Judge, and
HILL, Circuit Judge.

PER CURIAM.

Appellants instituted this diversity action to recover damages which allegedly resulted from a search of the Pittsburg Tank and Tower Company. The trial court granted appellee's motion for a directed verdict at the close of the appellants' evidence and this appeal followed.

The appellee, a Missouri deputy sheriff, investigated a burglary which occurred in Joplin, Missouri. The appellee then conferred with Keeth Jones the County Attorney of Crawford County, Kansas, concerning the possibility that the stolen property might be on the premises of the Pittsburg Tank and Tower Company. Jones and Masterson then appeared before a local magistrate for the purpose of obtaining a search warrant. The appellee testified that he had received information from an unnamed but reliable informant that the stolen goods had been handled by the Pittsburg Tank and Tower Company. Based on this testimony alone the magistrate signed the search warrant which had been prepared by the county attorney. The search was conducted by the Crawford County Sheriff and three or four other officers. The appellee was present while the search took place. None of the stolen materials were found on the premises.

We do not reach the question of whether the search warrant was valid as this is not an action against the magistrate who issued the warrant nor the Kansas sheriff who executed it. It is, rather, in the nature of an action for malicious prosecution or abuse of process. There was no evidence presented to the trial court from which a jury could have found that the appellee's testimony before the

magistrate was prompted by actual malice or that the search warrant was obtained for an end other than that which it was designed to accomplish. In the absence of such proof the appellee was entitled to a directed verdict. See Messinger v. Fulton, 173 Kan. 851, 252 P.2d 904 (1953); Barnes v. Danner, 169 Kan. 32, 216 P.2d 804 (1950); and Ahring v. White, 156 Kan. 60, 131 P.2d 699 (1943).

Appellee's motion to affirm is granted and the judgment is affirmed.